## BIBEND v. KREUTZ et al.

A PARTY against whom an unjust judgment has been obtained through accident, mistake, or fraud, may, after the adjournment of the term at which judgment was rendered, and where no want of diligence is imputable to him in seeking relief, maintain an equitable action to set aside the judgment.

The statutory remedy by motion before the Court rendering the judgment is only available during the term at which it is rendered, and to hold this remedy exclusive would often result in a denial of the most obvious justice.

The assistance of equity to set aside a judgment cannot be invoked in a distinct action, so long as the remedy by motion in the original case exists.

| 20 | 109 |
| 116 | 285 |
| 20 | 109 |
| 118 | 668 |
| 20 | 109 |
| 128 | 169 |
| 20 | 109 |
| 130 | 277 |
| 20 | 109 |
| 149 | 563 |

A complaint in an action to set aside a judgment, which contains no averment showing that relief could not have been obtained on motion, may be demurrable; but if defendant fails to demur, and answers on the merits, and the facts supplying the defect appear in the record, the objection is waived.

The Yreka Water Company execute to B. and others a mortgage on its property, to secure in part debts severally due from the company to the different mortgagees, and in part a debt due from the company to K., not named in the mortgage. A new company is afterwards incorporated to take the place of the Yreka Water Company, and an arrangement is made between the mortgagees and the companies, that when nine-tenths in amount of the debts secured by the mortgage shall be surrendered on a fixed basis in exchange for stock in the new company, the mortgage shall be canceled and the property be owned by the new company free of the incumbrance—some of the mortgagees, B. among the number, receive stock to the amount of their debts, and conditionally *assign their demands; but the mortgage is not canceled or assigned,* nor do any of the mortgagees receive anything on account of the debt due to K.: *Held,* that neither B. nor any of the mortgagees have by these acts made themselves liable to K. for any portion of his debt.

APPEAL from the Ninth Judicial District.

This is an action brought to set aside a judgment obtained by default against the plaintiff herein and others, in favor of the defendant Kreutz.

The action in which the judgment was subsequently obtained was before this Court at the April Term, 1860, and the report of it (15 Cal. 345) shows the nature of the action, and the facts upon which Kreutz, the plaintiff therein, based his claim. After the going down of the remittitur, and on the twentieth of September, 1860, an order was made that the defendants should answer within ten days. It does not appear that any personal notice of this order was given to the defendants therein, of whom this plaintiff was one; and at the expiration of the ten days, certain of the defendants having answered, and others, including plaintiff, not having answered, a default was entered against those not answering, and, October 12th, 1860, judgment rendered against them for the amount of the claim of the plaintiff therein ($5,686). No motion was made in the District Court to set aside this judgment. On the twenty-seventh day of October, 1860, and after the adjournment for the term, the complaint in this action was filed.

Its substantial averments are: a statement of the history of the original action to the time of entry of judgment; that this plaintiff

has a meritorious defense to that action, and the facts constituting that defense; that J. D. Turner, an attorney at law residing in Siskiyou county, was employed by him to defend the original action, in 1859, and did attend to the same until the recovery of judgment by him and the other defendants on demurrer; that he, plaintiff, is a German, and understands little of the English language, and nothing of the forms of law; that his said attorney told him in 1859 that all had been done that was necessary in the defense of the case; that he, plaintiff, supposed this to be true, and that the former judgment in the District Court was an end of the case; that he knew nothing of the subsequent appeal to the Supreme Court, or of the reversal of the former judgment, or the order giving ten days to answer; that he first knew of additional steps being taken in the case from a telegraphic dispatch, received October 17th, 1860, informing him of the judgment by default, and that execution was levied upon his property; that said Turner left Siskiyou county in April, 1860, and has not since been a resident of this State, and plaintiff has not himself been a resident of Siskiyou county since March, 1859; that he employed said Turner to conduct said case as his attorney, and relied upon him to do it.

Plaintiff prays that the judgment by default be set aside as to him, and that he be allowed to defend on the merits, and that proceedings under execution be stayed.

The answer denies the ignorance of plaintiff as to the proceedings of the case, and avers that he had full notice of all of them, and had an attorney in fact in Siskiyou county with full power to attend to this case.

Upon the trial, the evidence showed that the Yreka Water Company, being heavily indebted, in 1855 executed a mortgage to certain of its creditors to secure $24,000 already due, and $40,000 to be subsequently advanced, the $24,000 being due severally to various individuals; that plaintiff Bibend was a creditor to the amount of two hundred and eleven dollars, and was secured in this amount by the mortgage, and named as one of the mortgagees; that defendant Kreutz held a note against the Yreka Water Company for $1,000, with interest at four per cent. per month, and was intended by all parties to be secured in this amount by the mortgage, but was not named as mortgagee.

In April, 1857, the Shasta River Canal Company was incorporated, the corporators being mostly members of or creditors of the Yreka Water Company, the object of the incorporation being to purchase the property and carry on the business of the Yreka Water Company under a new organization.

Soon after, an arrangement was made between the two companies and certain of the creditors, that the various creditors of the Yreka Water Company secured by the mortgage might exchange their demands against that company for stock in the Shasta River Canal Company on a fixed basis of value, and that when nine-tenths in amount of the creditors should make this exchange the mortgage should be canceled, and the property, free of the incumbrance, belong to the Shasta River Canal Company. Kreutz was no party to this arrangement, and has never received any stock or released his debt. Bibend, the plaintiff, received stock to the amount of his debt, and a number of the other creditors did the same, and subsequently voted upon the stock in the company meetings. None of the evidences of debt against the Yreka Water Company have been surrendered, nor has the mortgage been canceled, but still remains in force ; but each creditor receiving stock executed a conditional assignment, to take effect when nine-tenths in amount of the creditors should come into the arrangement. Neither the plaintiff nor any other of the mortgagees have ever received any money or stock in consideration of the debt due to Kreutz.

The Court below found as a fact that there was no *laches* on the part of plaintiff in making his defense to the other action, and that he might have been taken by surprise ; but rendered judgment for defendants on the ground that the facts showed the original judgment to be just, and failed to show that plaintiff had any good defense to the action on the merits.

Plaintiff moved for a new trial, which was refused, and from this order and from the judgment the appeal is taken.

*Heydenfeldt*, for Appellant.

A bill will be maintained to set aside the judgment and for a new trial. (2 Story's Eq. Jur. secs. 885, 886, 887, 894 ; *People* v. *Lafarge & Ball*, 3 Cal. 130 ; *Robb* v. *Robb*, 6 Id. 22.)

A party is not confined to his remedy by statute, but may resort to a Court of Equity for relief against a judgment obtained by fraud or surprise. (*Carpentier* v. *Hunt*, 5 Cal. 406.)

The issue made by the pleadings is not upon the form of the remedy, but upon the merits of the application. (*Kewen* v. *Bidleman*, 2 Cal. 248.) And therefore objections to the form will not be considered. (*Robb* v. *Robb*, 6 Cal. 22.)

It is too late to object to the jurisdiction of the Court after the defendant has answered to the merits instead of demurring. (*Livingston* v. *Livingston*, 4 Johns. Ch. R. 287; *Underhill* v. *Van Cortland*, 2 Id. 369; *Ludlow* v. *Simond*, 2 Caines' Cases, 40, 56.)

Where the remedy at law is doubtful, and where the judgment is unconscientious, and no *laches* can be charged against the party, equity will interfere. (*Roberts* v. *Battle*, 2 Stew. 42; *McBroome* v. *Somerville*, Id. 515; *Smith* v. *Wilson*, 6 Ala. 320; *English* v. *Savage*, 14 Id. 342; *Stubbs* v. *Leavitt*, 30 Id. 352; *Carpentier* v. *Hunt*, 5 Cal. 406; *Bidleman* v. *Kewen*, 2 Id. 248; *People* v. *Lafarge et al.*, 3 Id. 130; *Billon* v. *Hyde*, 1 Atk. 128.)

The merits are entirely with the complainant. The facts show the defendant not to have any privity of contract with complainant, nor the semblance of a claim against him.

The finding of the Chancellor explicitly frees him from the charge of negligence, and that finding is conclusive.

*Geo. Cadwallader*, for Respondents.

I. The remedy of the plaintiff should have been by motion in the original action. The remedy by motion is exclusive, and a bill in equity will not lie. (Prac. Act, sec. 68; 2 Whittaker's Prac. 79–83; *Lawrence* v. *Eddy*, 1 Johns. Ch. 51; *Imlay* v. *Carpentier*, 14 Cal. 173; *Gregory* v. *Ford*, Id. 142.)

II. The findings of the Court and judgment rendered are supported by the evidence.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to set aside a judgment by default, on the ground of surprise. The judgment was rendered in an action for money

had and received, and the facts disclosed by the record show con-
clusively that no cause of action existed.   It is admitted that the
suit was improperly brought, but it is contended that the judgment
is strictly just, and ought to be allowed to stand.   This view, though
acted upon by the Court below, is manifestly erroneous, and we find
in the facts of the case nothing to justify or support it.   The Yreka
Water Company executed to several parties, among whom was the
plaintiff, a mortgage in trust to secure the payment of certain in-
debtedness, a portion of which was owing to defendant Kreutz,
whose name, however, does not appear in the mortgage.   The com-
plaint in the original suit charged an assignment and surrender of
this mortgage, and a receipt by the persons to whom it was exe-
cuted of the amount secured by it.   This was sufficient *prima facie*
to recover upon; but the facts now before us present the case in a
very different light, and it is evident that gross injustice has been
done.   The mortgage has neither been assigned nor surrendered,
but is still in the hands of the trustees, and may at any time be
enforced for the payment of the debts.   The evidence on this point
is clear and explicit, and in determining the case the Court below
was misled by certain transactions with a corporation known as the
Shasta River Water Company.   This corporation was organized to
take the place of the Yreka Water Company, and an agreement
was entered into entitling the holders of the indebtedness secured
by the mortgage to exchange it for stock of the corporation.   A
portion of the indebtedness was exchanged in pursuance of this
agreement, and the Court appears to have regardgd the agreement
itself as superseding the mortgage.   It is clear, however, that
nothing of the kind was intended, and that Kreutz, whose debt has
not been exchanged, is entirely unaffected by the agreement.

Objection is taken to the mode in which the plaintiff seeks re-
dress, but we are of opinion that the remedy in equity was properly
resorted to.   The statutory remedy by motion, except in cases
where there has been no service of summons, is only available dur-
ing the term at which the judgment is rendered, and in many cases
a denial of the most obvious justice would result from holding this
remedy exclusive.   The assistance of equity cannot be invoked so
long as the remedy by motion exists; but when the time within

which a motion may be made has expired, and no *laches* or want of diligence is imputable to the party asking relief, there is nothing in reason or propriety preventing the interference of equity.  " In general," says Story, " it may be stated, that in all cases where by accident, or mistake, or fraud, or otherwise, a party has an unfair advantage in proceedings in a Court of Law, which must necessarily make that Court an instrument of injustice, and it is therefore against conscience that he should use that advantage, a Court of Equity will interfere and restrain him from using the advantage which he has thus improperly gained." (Story's Eq. sec. 885.) In the present case, there is no doubt that an unconscientious advantage has been obtained of the plaintiff, and the findings of the Court expressly negative any inference of a want of diligence on his part.   Under these circumstances, and in view of the positive injustice which must result from a refusal to interfere, we do not see upon what principle relief can be denied.

The point as to the necessity of an averment in the complaint, showing that the plaintiff could not obtain relief on motion, is untenable.   It is unnecessary to determine whether the complaint was or was not demurrable on that ground ; no demurrer having been filed, and the parties having answered to the merits, the objection comes too late.   So far as the fact is concerned, the record shows that the suit was commenced after the expiration of the term.

Judgment reversed and cause remanded for new trial.