[No. 1,095.]

# THE STATE OF NEVADA EX REL. W. O. SMITH, *v.* FOURTH DISTRICT COURT, RESPONDENT.

JUDGMENT—WHEN, AND HOW, MAY BE SET ASIDE—JURISDICTION—STATUTE.
The manner of vacating judgments is regulated by statute, and the statutory provisions must be complied with, in order to authorize the court to act. The court has no jurisdiction to set aside a judgment upon a mere motion.

CERTIORARI before the Supreme Court.

The facts are stated in the opinion.

*C. S. Varian*, for Relator.

*M. S. Bonnifield* and *N. Söderberg*, for Respondent.

By the Court, HAWLEY, J. :

Relator brought suit and obtained judgment in the justice's court against Lowery, Carpenter, and Lovelock on two promissory notes. An appeal was regularly taken to the district court, and the cause was therein tried before a jury, and resulted in a verdict and judgment in favor of relator.

Two days thereafter, Lowery and Carpenter, by their attorneys, served upon relator's attorney the following notice: "You will please take notice, that the defendants, Lowery and Carpenter, will move the court, on the eighth of August, 1881, at the court-room of said court, in the court-house, at ten o'clock A. M., to set aside the judgment rendered in said action, upon the ground that the court had no jurisdiction over the subject-matter of the suit; that the question of the title and right of possession to real property was involved in the action; that plaintiff denied the title and possession of said defendants to the land named in the answer and insisted therein during the trial, and said title and possession were disputed by plaintiff during the whole progress of the case. Defendants will use all the papers filed in the case and the testimony given at the trial and the argument of plaintiff's attorney, on the hearing of said motion."

The court, upon the hearing of said motion, vacated and set aside the judgment previously rendered.

Relator claims that the court, in making said order, exceeded its jurisdiction, and this is the only question to be considered. The power of vacating judgments upon motion is incident to courts of record at common law (*Kemp* v. *Cook*, 18 Md. 138), and such practice prevails in the federal courts. (*Doss* v. *Tyack*, 14 How. 312.) But the manner of vacating judgments in this state is regulated by statute, and we are of opinion that the statutory provisions must be complied with in order to authorize the court to act. Our attention has not been called to any provision of the civil

practice act that authorizes the court to set aside the judgment in a case like this upon a mere motion. The case does not come within any of the provisions of section 68, and in all other cases the remedy must be as provided for in article 2, section 194 *et seq.*, Stat. 1869, 226, 227, in relation to new trials. (*McKinley* v. *Tuttle*, 34 Cal. 239; *Nuckolls* v. *Irwin*, 2 Neb. 66.) None of these provisions were complied with. We are, therefore, of the opinion that, upon the facts presented by the record, the court exceeded its jurisdiction, and its order setting aside the judgment is hereby annulled.