[No. 1271.]

## THE LANG SYNE GOLD MINING COMPANY, APPELLANT, v. G. McM. ROSS, ET AL., RESPONDENTS.

PRACTICE ACT — SECTION 68, CONSTRUED — JUDGMENT — WHEN SET ASIDE—PERSONAL SERVICE OF SUMMONS. — In construing the provisions of section 68 of the civil practice act authorizing judgments to be set aside on the grounds of mistake, inadvertence or surprise, *Held*, that, a defendant corporation, in a case where personal service was made upon its managing agent, cannot have the judgment set aside, and leave given to answer, after the term has expired at which the judgment was rendered.

IDEM.—The clause in section 68, giving a party the right to move "within six months after the rendition of any judgment in such action, to answer to the merits of the original action" only applies to cases where the defendant has not been personally served with summons.

JUDGMENT—RELIEF ON GROUND OF FRAUD—APPEAL.—Where a judgment is regular on its face, an appeal therefrom is not the proper remedy for a party seeking to set it aside for fraud.

PLEADINGS—MERITORIOUS DEFENSE.—An averment in the complaint, to set aside a judgment on the ground of fraud, that plaintiff was not indebted to the defendant in any sum or amount whatever, is a sufficient statement of a meritorious defense.

ACTION IN EQUITY TO SET ASIDE JUDGMENT, ETC., UPON THE GROUND OF FRAUD — EXECUTION—RELIEF AGAINST — NOTICE — MERITORIOUS DEFENSE.—Where a complaint, in an action by a corporation to set aside a sheriff's deed for fraud, charges that defendant, the assignee of the purchaser at the execution sale, knew of the concealment of the sale from the corporation by its managing agent, who was interested in the judgment, it need not allege that said purchaser knew that said corporation had a meritorious defense to the action wherein execution issued; the facts known by the defendant being sufficient to put him on inquiry.

IDEM—DEMURRER—LACHES.—*Held,* upon the facts stated in the complaint, that the court erred in sustaining a demurrer to the complaint upon the ground of laches. (See opinion as to facts.)

IDEM—STATUTE OF LIMITATIONS—EQUITY—This action for relief on the ground of fraud was brought within three years after the discovery of the fraud, this being the period fixed in the statute of limitations. (Gen. Stat. 3644.) *Held,* that the statute of limitations embraces all character of actions, legal and equitable, and that mere lapse of time, not extending beyond the period fixed in the statute of limitations for the commencement of the suit, constitutes no bar to the action.

ACTION — WHEN AUTHORIZED BY CORPORATION — PLEADING — DEMURRER.—Where, in an action by a corporation, the complaint avers that the action was commenced by a minority of the stockholders "by express consent, direction, and authority of the corporation," a demurrer that it has no legal capacity to sue, because the suit was commenced without authority of the directors or a majority of its stockholders, is not well taken.

APPEAL from the District Court of the State of Nevada, Humboldt County.

R. R. BIGELOW, District Judge.

The facts are stated in the opinion.

*Crittenden Thornton,* for Appellant.

I.   The complaint shows a sufficient case for relief within the well settled principles of equity jurisprudence. (*United States* v. *Throckmorton,* 4 Saw. 51; 98 U. S. 65.)

II.   A motion to set aside a judgment by default cannot be made after the expiration of the term at which the judgment is entered. (*Morrison* v. *Dapman,* 3 Cal. 255; *Suydam* v. *Pitcher,* 4 Cal. 280; *Carpentier* v. *Hart,* 5 Cal. 406; *Robb* v. *Robb,* 6 Cal. 21; *Branger* v. *Chevalier,* 9 Cal. 172; *Swain* v. *Naglee,* 19 Cal. 127; *Bell* v. *Thompson,* 19 Cal. 708; *Lewis* v. *Rigney,* 21 Cal. 272; *De Castro* v. *Richardson,* 25 Cal. 51; *Willson* v. *McEvoy,* 25 Cal. 169; *Casement* v. *Ringgold,* 28 Cal. 337; Hayne, N. T.

App., Sec. 344.)   The remedy *by motion* to set aside a judgment by default is not exclusive.   (*California B. S. Co.* v. *Porter,* 68 Cal. 369; *United States* v. *Flint,* 4 Saw. 42; 98 U. S. 61; *Pearce* v. *Olney,* 20 Conn. 544; *Wierich* v. *De Zoya,* 2 Gil. 385.)   The only limitation to this rule is that a party cannot resort to equity while the remedy at law is still open.   (*Bibend* v. *Kreutz,* 20 Cal. 109; *Ketchum* v. *Crippen,* 37 Cal. 223; *Ede* v. *Hazen,* 61 Cal. 360.)

III.   The complaint shows that plaintiff had a meritorious defense to the action.   The rule is that the defense must be *meritorious*—not that it must be *complete.*

IV.   The allegations of notice to Paige and Ross is sufficient to put them upon inquiry, and this is all that the law requires. (*Wormley* v. *Wormley,* 8 Wheat. 440; *Brush* v. *Ware,* 15 Pet. 113; *Wilson* v. *Castro,* 31 Cal. 437; *Hardy* v. *Harbin,* 4 Saw. 545; see also, *Lee* v. *Rogers,* 2 Saw. 549; *Hendrie* v. *Berkowitz,* 37 Cal. 113; 99 Am. Dec. 251; *Stall* v. *Catskill Bank,* 18 Wend. 466; *Bank of Rochester* v. *Bowen,* 7 Wend. 159; *Austin* v. *Vandermark,* 4 Hill, 262; *Gansevoort* v. *Williams,* 14 Wend. 133; *New York F. I. Co.* v. *Bennett,* 5 Conn. 580; 13 Am. Dec. 109.)   A purchaser must look to every part of the title which is essential to its validity.

V.   Under no circumstances can Ross be an innocent purchaser.   The conveyance under which Ross claims was a deed of remise, release and quit-claim.   The question, therefore, arises, is a purchaser under a quit-claim deed a purchaser for value, innocent of the plaintiff's equities?   Upon this point there is a conflict of authority.   But the cases predominate enormously in favor of the negative of the proposition. (*Oliver* v. *Piatt,* 3 How. 333; *May* v. *LeClaire,* 11 Wall. 217; *Villa* v. *Rodriguez,* 12 Wall. 323; *Dickerson* v. *Colgrove,* 100 U. S. 578; *Baker* v. *Humphrey,* 101 U. S. 494; *Runyon* v. *Smith,* 18 Fed. Rep. 579; *United States* v. *Sliney,* 21 Fed. Rep. 895; *Watson* v. *Phelps,* 40 Ia. 482; *Smith* v. *Dunton,* 42 Ia. 48; *Besore* v. *Dosh,* 43 Ia. 211; *Springer* v. *Bartle,* 46 Ia. 688; *Postel* v. *Palmer,* 71 Ia. 157; *Bragg* v. *Paulk,* 42 Me. 517; *Coe* v. *Persons Unknown,* 43 Me. 432; *Ridgway* v. *Holladay,* 59 Mo. 444; *Stoffell* v. *Schroeder,* 62 Mo. 147; *Mann* v. *Best,* 62 Mo. 491; *Rogers* v. *Burchard,* 34 Tex. 441; *Harrison* v. *Boring,* 44 Tex. 255; *Thorn* v. *Newsom,* 64 Tex. 161; 53 Am. Rep. 747; *Richardson* v. *Levi,* 67 Tex. 359; *Smith's Heirs* v. *Bank,* 21 Ala. 125; *Derrick* v. *Brown,*

66 Ala. 162; *Everest* v. *Ferris,* 16 Minn. 26; *Marshall* v. *Roberts,* 18 Minn. 405; 10 Am. Rep. 201; *Woodfolk* v. *Blount,* 3 Hayw. (Tenn.) 146; 9 Am. Dec. 736; *Smith* v. *Winston,* 2 How. (Miss.) 601; *Kerr* v. *Freeman,* 33 Miss. 292; *Learned* v. *Corley,* 43 Miss. 688; *Leland* v. *Isenbech,* 1 Idaho, 469; *Baker* v. *Woodward,* 12 Or. 3; *Richards* v. *Snyder,* 11 Or. 511; *McAdow* v. *Black,* 6 Mon. 601. There is another line of authorities which maintain the doctrine that a purchaser under a quit-claim deed first recorded will be protected as against a prior unrecorded deed from the same grantor. (*Bradbury* v. *Davis,* 5 Col. 265; *Butterfield* v. *Smith,* 11 Ill. 485; *Brown* v. *Banner Coal Co.,* 97 Ill. 214; 37 Am. Rep. 105; *Fox* v. *Hall,* 74 Mo. 315; 41 Am. Rep. 316; *Graff* v. *Middleton,* 43 Cal. 341; *Pettingill* v. *Devin,* 35 Ia. 344.)

VI. The action is not barred by laches. It was brought *two years, five months and eight days* after the discovery of the mere fact that such a judgment existed. It was brought *two years one month and eight days* after a full and complete discovery of the facts constituting the fraud complained of, and the evidence thereof, which discovery was the result of immediate, earnest and diligent search. It was brought *one year, ten months and eight days* after full discovery of the fraud, excluding the period of negotiations for a compromise, during which no suit was brought, at the request and with the consent of the defendant, Ross. Upon their face, neither of these two latter periods can be deemed excessive, *per se.* Both of them are shorter than any period ever fixed by any statute of limitation for the recovery of real property. Both of them are shorter than any period of time ever declared to be laches in a case of actual fraud by any respectable tribunal, save one. For the purpose of comparison, we append a series of the leading cases to be found in the books, with the period held to be laches in each: (*Wood* v. *Carpenter,* 101 U. S. 135, 10 years; *Veazie* v. *Williams,* 3 Story, 612, 5 years; *Dodge* v. *Essex Ins. Co.,* 12 Gray, 71, 8 years; *Farnam* v. *Brooks,* 9 Pick. 245, 19 years; *Badger* v. *Badger,* 2 Wall. 87, 30 years; *Godden* v. *Kimmell,* 99 U. S. 211, 14 years; *Marsh* v. *Whitmore,* 21 Wall. 184, 13 years; *Hough* v. *Richardson,* 3 Story, 660, 7 years; *United States* v. *Flint,* 4 Saw. 57, 23 years; *Harwood* v. *Cincinnati etc. Railroad Co.,* 17 Wall. 81, 5 years; *Downey* v. *Garard,* 24 Pa. St. 54, 6 years; *Clark* v. *Boorman,* 18 Wall. 506, 8 years; *Brown* v. *Buena Vista,* 95 U. S. 161, 7 years; *McKnight* v. *Taylor,* 1 How. 161, 24 years; *Kingsland*

v. *Roberts*, 2 Paige Ch. 194, 21 years; *Moores* v. *White*, 6 John Ch. 360, 30 years; *Jenkins* v. *Pye*, 12 Pet. 254, 13 years; *Twin Lick Co.* v. *Marbury*, 91 U. S. 592, 4 years; *Sullivan* v. *Portland R. R.*, 94 U. S. 811, 19 years; *Follansbe* v. *Kilbreth*, 17 Ill. 522, 65 Am. Dec. 691, 3 years; *Williams* v. *Rhodes*, 81 Ill. 571, 4 years; *Hall* v. *Fullerton*, 69 Ill. 451, 6 years; *Castner* v. *Walrod*, 83 Ill. 171, 25 Am. Rep. 369, 19 years; *Sloan* v. *Graham*, 85 Ill. 26, 20 years; *Evans' Appeal*, 81 Pa. St. 278, $4\frac{1}{2}$ years; *Nudd* v. *Hamblin*, 8 Allen, 130, 12 years; *Lansdale* v. *Smith*, 106 U. S. 391, 45 years; *Kinney* v. *Con. Va. Mg. Co.*, 4 Saw. 383, $2\frac{2}{3}$ years; *Cox* v. *Montgomery*, 36 Ill. 398, 18 months.

*Macmillan & Hannah*, for Respondent.

I. To entitle plaintiff to the relief sought the fraud must be unmixed with any fault or negligence of the plaintiff or his agent. (Freem. Judg., Sec. 486.) The agency of Loomis is expressly admitted. The complaint does not charge any act on the part of Loomis, which was not within the scope of his authority.

II. The complaint shows that Ross was not a party to the action, judgment or sale mentioned therein, and it must, therefore, affirmatively show that he is not a *bona fide* purchaser. (*Hayden* v. *Hayden*, 46 Cal. 332; *Jerrard* v. *Saunders;* 2 Ves. Jr. 187, 454; Langdell's Eq. Pl., Sec. 142; 1 Danl. Ch. Pr , 850, 854, 678, 679; *Hardy* v. *Reeves*, 5 Ves. 426, 432; *Reeves* v. *Kennedy*, 43 Cal. 643; *Burdsall* v. *Waggoner*, 4 Col. 258; *Rowan* v. *Bowles*, 21 Ill. 19.) If Ross purchased from one who was a *bona fide* purchaser, he stands in the position of a *bona fide* purchaser, even if he bought with notice as charged. (Hill. Ven., 408; Danl. Ch. Pr., 674; 1 Perry on Tr., Sec. 222.) Before a court of equity will interfere to set aside a judgment by default, it must be shown by the bill that a meritorious defense exists. (*Gibbons* v. *Scott*, 15 Cal. 284; *Gregory* v. *Ford*, 14 Cal. 138; 73 Am. Dec. 639; *Pearce* v. *Olney*, 20 Conn. 544; *Ableman* v. *Roth*, 12 Wis. 90.)

III. When the proceedings are regular on their face, the presumption is that the court adjudicated the fact of jurisdiction like any other fact. (Bump on Fraud. Con., 488, 467-8; Harp. Ch., 145, 481; *Imray* v. *Magnay*, 11 M. & W. 267; *Toole* v. *Darden*, 6 Ired. Eq. 394; Freem. Judg., Secs. 343, 509, 510; *Stokes* v. *Geddes*, 46 Cal. 17; Freem. Ex., 343; *Erwin* v. *Lowry*, 7 How. 172; *Grignon's Lessees* v. *Astor*, 2 How. 319; *Galpin* v. *Page*,

1 Saw. 309; *Gray* v. *Brignardello*, 1 Wall. 627; Freem. Judg., 366; *Voorhees* v. *Bank of U. S.*, 10 Pet. 473; *Davis* v. *Gaines*, 104 U. S. 386.

IV. A court of equity will not set aside a judgment at law unless it is shown that there is a valid defense to it. Here according to the showing of the bill there was at best but a partial defense, which is not sufficient. (*Gibbons* v. *Scott*, 15 Cal. 284; *Gregory* v. *Ford*, 14 Cal. 139; 73 Am. Dec. 639; *Logan* v. *Hillegass*, 16 Cal. 201; Freem. Judg., 486; *Riddle* v. *Baker*, 13 Cal. 296; *Reeve* v. *Kennedy*, 43 Cal. 643; *Murdock* v. *DeVries*, 37 Cal. 527.)

V. A court of equity will not interfere in this case because the plaintiff had a remedy at law, either by motion or appeal. (Civ. Pr. Act, Sec. 68; Freem. Judg., Sec. 497; *Bibend* v. *Kreutz*, 20 Cal. 109; *Sanchez* v. *Carriaga*, 31 Cal. 170; *Imlay* v. *Carpentier*, 14 Cal. 173; *Lyme* v. *Allen*, 51 N. H. 242; *Borland* v. *Thornton*, 12 Cal. 440; *Ede* v. *Hazen*, 61 Cal. 360; *Chipman* v. *Bowman*, 14 Cal. 158; *Bell* v. *Thompson*, 19 Cal. 707; *Hallock* v. *Jaudin*, 34 Cal. 167; *Howard* v. *Galloway*, 60 Cal. 10; *Kidd* v. *Four Twenty M. Co.*, 3 Nev. 381; *Flannery* v. *Anderson*, 4 Nev. 437.) The lapse of a term does not deprive the court of the right to set aside a judgment, provided a showing can be made under section 68. (*Bell* v. *Thompson*, 19 Cal. 707.)

VI. The plaintiff has not made out such a case as will entitle it to relief, because of its laches. (*Hayward* v. *National Bank*, 96 U. S. 611; Kerr Fraud and Mis., 302, 306; 2 Dan. Ch. Pr., 1585; *Evans* v. *Bacon*, 99 Mass. 213; *Jennings* v. *Broughton*, 17 Beav. 239; *Campau* v. *Van Dyke*, 15 Mich. 371; *Voorhees* v. *Bank of U. S.*, 10 Pet. 473; Pom. Eq. Jur., and other authorities cited in appellant's brief.)

VII. The question as to the form of the deeds, whether quitclaim or otherwise, cannot figure in this case, because we claim that a purchaser at a sheriff's sale gets all the title of the judgment debtor, whatever it may be. (Freem. Ex. Sec., 335, 336, 343; *De Celis* v. *Porter*, 59 Cal. 464.)

VIII. The complainant has shown that there is no authority for bringing this suit. Everything must be done through its directors, especially bringing a suit. (Ang. & A. Corp., 369; *Denver etc. Railway Co.* v. *Alling*, 99 U. S. 463, 472; *Gashwiler* v. *Willis*, 33 Cal. 11; 91 Am. Dec. 607; *Yellow Jacket S. M. Co.* v. *Stevenson*, 5 Nev. 224.)

By the Court, HAWLEY, J.:

This is an action in equity to set aside, upon the ground of fraud, the judgment, execution, certificate of sale, and deeds thereunder, in the suit of *Gould v. Lang Syne G. M. Co.,* and to compel the respondent to convey to plaintiff the property obtained thereby.    The complaint sets forth the facts constituting the alleged fraud, and other matters which it is claimed entitles plaintiff to the relief demanded.    Among other things, it is averred that in 1882 one S. L. Loomis was the general superintendent and managing agent of plaintiff, a corporation organized and existing under and by virtue of the laws of the state of New York; that he presented to plaintiff a claim in the sum of three thousand six hundred and sixty-nine dollars and forty-three cents for labor and services, which was totally without merit; that plaintiff was not indebted to said Loomis in any sum whatever; that plaintiff promptly denied and repudiated the demand, and refused to pay the same, or any part thereof; that one W. P. Dencla, a laborer, claimed the sum of two hundred and thirty-four dollars and thirty-five cents; that plaintiff was indebted to Dencla in a small sum of money, not as much as he claimed, but the precise amount plaintiff is unable to state; that on the ninth of September, 1882, the said Loomis and Dencla, with one James Gould, "contriving and intending to cheat, injure, and defraud this plaintiff, conspired and confederated together to cheat and defraud this plaintiff" out of its real estate and personal property, consisting of mining ground, mining tools and implements, and deprive it of the possession of the same; that, in pursuance of this conspiracy, the defendants Loomis and Dencla, without any consideration, made an assignment of their pretended claims against plaintiff to defendant Gould; that defendant Gould, "in the execution of the plans and purposes of said conspiracy," on the ninth of September, 1882, commenced an action in the district court of Humboldt county to recover of and from the plaintiff the full amount of said claims, and caused the summons in said action to be served upon Loomis as the general superintendent and managing agent of plaintiff, with the intent on the part of defendants Gould, Dencla, and Loomis to conceal the service of the summons from plaintiff, and to keep it in ignorance of the pendency of said action; that plaintiff was not informed of

the pendency of the said action, or the service of summons, by either of the said defendants; that thereafter, on the twenty-first of September, 1882, judgment was rendered by default in favor of Gould for the full amount of the demands claimed in said action; that on October 16, 1882, execution in due form of law was issued, and thereafter levied upon the real estate and personal property of plaintiff, and the same was sold at sheriff's sale to the defendant Gould for the face of said judgment, and he received the sheriff's certificate of sale therefor; that the defendant Gould, "by the advice and direction of the said Loomis," assigned to one Robert Page the said certificate of sale as security for the sum of one thousand dollars loaned by Page to Loomis, "and in trust by the said Page for the said Loomis as to the balance of the same;" that, after the time for redemption had expired, the sheriff executed a deed, in due form of law, for the real property to Page, "who held the same upon the same terms and the same trusts as he had previously held the said certificates;" that the defendant Ross thereafter entered into negotiations with said Loomis, and purchased the property for six thousand dollars, of which amount two thousand one hundred dollars was paid to Loomis, and notes given for the balance—one of said notes being for the amount due Page, and was paid to Page by Ross; that Page had notice of the conspiracy; that Ross, at and before the payment of any money, "well knew, and had notice of the fact, that said action had been brought in the name of said Gould against this plaintiff, defendant therein, for the use and benefit of the said Loomis and Dencla, and with the intent and purpose that summons therein should be served upon the said Loomis, and that the pendency of said action, and the fact of said service, should be concealed from this plaintiff, defendant therein, in order to deprive this plaintiff of all and every opportunity to make and assert its just defense therein and thereto, and that this plaintiff was in fact deprived of all and every opportunity to make and assert its just defense therein; that plaintiff did not discover the fact of the pendency of the action, and the rendition of the judgment, until after the sale of the personal property; that the president of plaintiff, in the city and state of New York, saw the notice of sale under execution published in a Humboldt county newspaper, before the sale of the real property had been made, but

it was after any possible means could have been taken to prevent the sale; that plaintiff did not then know of the fraudulent intents, purposes, concealment, and acts of the defendants Loomis, Page, and Gould; that plaintiff immediately entered into correspondence with attorneys residing in Humboldt county, Nev., and sought all accessible means of information as to the said action and the alleged causes of action upon which the same was founded, and finally, after at least four months' strenuous effort, succeeded in discovering the facts, * * * and the evidence thereof;" that the time had passed for availing itself of the remedy of moving to set aside the judgment on account of surprise, inadvertence, or excusable neglect, afforded by the statutes of this state; that there was no remedy by appeal, for the reason that the judgment was regular on its face and impregnable to attack upon appeal; that the parties to the conspiracy were scattered, and resided at great distances from Humboldt county, to wit, at various named places in the state of California, and all evidence of fraud and wrong-doing on the part of defendants was likewise scattered, and difficult of discovery; that at this time the councils of this plaintiff were divided, and the majority of its directors were opposed to the disbursement of the necessary sums of money to take any legal proceedings tending to relief against said judgment, and that plaintiff was then without funds in its treasury; that all movements to obtain relief have been made by a minority of the stockholders at their own cost and expense, and they are now managing and directing this suit "by the express consent, direction, and authority of the corporation;" that about the month of September, 1884, plaintiff opened negotiations with defendant Ross for a compromise, which continued for a period of over three months, during which, "at the request of and and with the consent of the said defendant, no suit was brought and at the unsuccessful termination of the said negotiations this suit was in fact brought;" that the mine is of great value; that defendant Ross is, and since the first of January, 1885, has been, engaged in extracting ten tons of ore per day therefrom, of the value of thirty dollars per ton; and that plaintiff has been damaged thereby in the sum of fifty thousand dollars." The defendant Ross appeared, and interposed a demurrer to the complaint upon the following grounds: (1) That the court had no jurisdiction of the subject of the action, in this:

that the complaint does not show that the plaintiff used or exhausted its legal remedies. (2) The complaint does not state facts sufficient to constitute a cause of action, in this: (a) It does not show that the plaintiff has any complete meritorious defense to the action of *Gould* v. *Lang Syne Co.*; (b) it does not charge Ross with notice that such a defense, or any defense, existed; (c) the claim of the plaintiff is stale, and plaintiff is guilty of laches in neglecting to bring this suit for more than two years after it had notice of the fraud and facts now · relied upon to sustain this action; (d) the action is barred by the statute of limitations. (3) The complaint shows that plaintiff had no legal capacity to sue, in this: that this suit was commenced without the authority of the board of directors, or of a majority of the stockholders, of plaintiff. The court sus_tained this demurrer upon the ground of laches; and, upon the refusal of plaintiff to amend within the time given, the court dismissed plaintiff's complaint, and entered judgment in favor of defendant Ross for his costs. From this judgment plaintiff appeals.

1. The legal remedies suggested by respondent are—*first*, that plaintiff could have moved, under the provisions of section 68 of the practice act, (Gen. Stat. 3090,) to set aside the judgment taken against it through its "mistake, inadvertence, or excusable neglect;" *second*, that plaintiff could have taken an appeal from the judgment. It is apparent from the allegations of the complaint, which must, for the purpose of this decision, be taken as true, that neither of these remedies would have afforded plaintiff the relief it seeks. The remedy by motion, if any existed, was lost without any fault or negligence upon the part of plaintiff. The action, brought by Gould, was commenced September 9, the default was entered September 21, and the execution was issued October 16, 1882. The published notice of sale could not, therefore, have been seen by the president of plaintiff in New York, earlier than the twenty-first of October, 1882. The term of the district court at which the judgment was rendered, expired on the ninth of October, 1882. (Stat. 1879, 62.) The statutory remedy by motion, in cases where there has been a personal service of the summons, is only available during the term at which the judgment is rendered. (*Daniels* v. *Daniels*, 12 Nev. 118, and authorities there cited.) The clause in section 68, giving a party the right to move "within

six months after the rendition of any judgment in such action, to answer to the merits of the original action," only applies to cases where the defendant has not been personally served with the summons. (*Jones* v. *San Francisco Sulphur Co.*, 14 Nev. 174; *Bibend* v. *Kreutz*, 20 Cal. 114; *Casement* v. *Ringgold*, 28 Cal. 338.) The service of the summons upon the managing agent was a personal service upon the corporation. (Gen. Stat. 3051.) The judgment was regular upon its face, and an appeal therefrom would not have afforded plaintiff any relief.

2. The averment in the complaint that plaintiff was not indebted to defendant Loomis in any sum or amount whatever is a sufficient statement of a meritorious defense. It is true, as claimed by respondent, that there is no sufficient denial of the indebtedness due to the defendant Dencla, and the meritorious defense does not reach the entire amount of the judgment; but if it be true, as alleged, that defendants Loomis, Gould and Dencla conspired together to conceal the commencement and pendency of the action from the plaintiff, so as to obtain a judgment against it for nearly four thousand dollars, when less than two hundred and fifty dollars was due and owing from it, they committed such a fraud upon the plaintiff as entitles it to relief in a court of equity against them.

3. The notice of defendant Ross, as alleged in the complaint, as to the concealment of the pendency of the action, and service of the summons, from the plaintiff, was sufficient to put him on inquiry as to the rights of the corporation, and to deprive him of the rights of an innocent purchaser. It was therefore unnecessary for the plaintiff to allege that defendant Ross knew, at the time of his purchase, that it had a meritorious defense to the action of *Gould* v. *Lang Syne M. Co.* Pomeroy, in discussing the effect of notices, says: "Whenever a party has information or knowledge of certain extraneous facts which of themselves do not amount to, nor tend to show, an actual notice, but which are sufficient to put a reasonably prudent man upon an inquiry respecting a conflicting interest, claim, or right, and the circumstances are such that the inquiry, if made and followed up with reasonable care and diligence, would lead to the discovery of the truth,—to a knowledge of the interest, claim, or right which really exists,—then the party is absolutely charged with a constructive notice of such interest,

claim, or right. The presumption of knowledge is then con
clusive." (2 Pom. Eq. Jur., Sec. 608. See, also, to the same
effect, 1 Story Eq. Jur., 400, *et seq.*; Kerr Fraud & M. 316
*et seq.*) Having notice that Loomis had conspired with other
parties to conceal the service of the summons and the pendency
of the action, Ross must have known that a fraud was thereby
committed against the corporation. He was bound to know that
Loomis could not represent in himself two opposite and con-
flicting interests. He is not entitled to protection, as an innocent
purchaser, from the fact that he did not participate in the fraud.
Having notice that a fraud was committed, he was bound to
enquire what the rights of the corporation were. "It will not
do for a purchaser to close his eyes to facts which were open to
his investigation by the exercise of that diligence which the law
imposes. Such purchasers are not protected." (*Brush* v. *Ware*,
15 Pet. 111.) Ross, in purchasing the title of Gould, with the
notice of the facts averred in the complaint, was chargeable
with notice of the fraud, however ignorant he may have been of
the rights of the corporation, and however honest his intentions
were. (*Hardy* v. *Harbin*, 4 Saw. 549.) The complaint states a
good cause of action against him. It shows that the judgment
of *Gould* v. *Lang Syne M. Co.* was obtained by the fraudulent
practices of Loomis. Gould and Dencla, and that Ross had
notice of those fraudulent practices when he bought the property.
"If all this can be established by proof, it seems to us that the
plaintiff should not be remediless in a court of equity." (*Hayden*
v. *Hayden*, 46 Cal. 341.)

4. "A defense peculiar to courts of equity, is founded
upon the mere lapse of time, and the staleness of the claim, in
cases where no statute of limitations directly governs the case.
In such cases, courts of equity act sometimes by analogy to the
law, and sometimes act upon their own inherent doctrine of
discouraging, for the peace of society, antiquated demands, by
refusing to interfere when there has been gross laches in prose-
cuting rights, or long and unreasonable acquiescence in the
assertion of adverse rights." (2 Story Eq. Jur., Sec. 1520.) It
was upon this ground that the court below sustained the demur-
rer. The district judge, in rendering his opinion, expressed
doubts as to whether the points upon which his decision was
rendered were "fairly raised upon the complaint alone." We
are of opinion that the facts which seem to have controlled

the judgment of the district court are not "fairly raised" or presented by the averments in the complaint. It does not appear therefrom that the mining property was comparatively worthless at the time it was ·sold at sheriff's sale. There is nothing upon the face of the complaint which affirmatively shows that the property was of any greater value when this action was commenced than it was at the time of the sheriff's sale, or at the time of plaintiff's purchase. The case, as made out by the complaint, is not, in our opinion, brought within the facts that governed many, if not all, of the decisions cited and relied upon by respondent upon this point, and the correctness of which, upon the particular facts of each case, are not questioned. We are well aware that the value of mining claims is ordinarily of a very fluctuating character; that, as stated by the supreme court of the United States in *Twin Lick Oil Co.* v. *Marbury*, 91 U. S. 592, "property worth thousands to-day is worth nothing to-morrow, and that which would to-day sell for a thousand dollars as its fair value may, by the natural changes of a week, or the energy and courage of desperate enterprise, in the same time, be made to yield that much every day. The injustice, therefore, is obvious, of permitting one holding the right to an ownership in such property to voluntarily await the event, and then decide, when the danger which is over has been at the risk of another, to come in and share the profit." In such cases the courts have repeatedly declared that the party claiming rights to the property must "put forward his complaint at the earliest possible moment," and that he "is bound to act with reasonable diligence as soon as the fraud is discovered." There is nothing that can call forth a court of equity into activity "but conscience, good faith, and reasonable diligence." It does not affirmatively appear upon the face of the complaint in this action that, at the time of the discovery of the fraud, the plaintiff considered that the property was worthless; that it kept silent, waiting for the defendant Ross to develop the mine; and that then, after the . value of the mine had been established by his labor, expense and hazard, the plaintiff commenced this action "to rob him of the fruits of his industry and enterprise." It may be that, upon issues of fact and proofs made upon the trial, such a state of facts may be presented. But our decision upon the questions of law raised by the demurrer must be governed solely by the sufficiency of the allegations of the complaint. We have no

right to anticipate what the evidence will be. As previously stated, the averments of the complaint must, for the purposes of this decision, be taken as true. The statute of limitations in this state declares that "an action for relief on the ground of fraud, the cause of action in such case not to ·be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud," can only be commenced within three years. (Gen. Stat. 3644.) This action was commenced within that time, and hence it is not barred by the statute of limitations. This statute "embraces all character of actions, legal and equitable, and is as obligatory upon the courts in a suit in equity as in actions at law." (*White* v. *Sheldon*, 4 Nev. 288; *Lord* v. *Morris*, 18 Cal. 486; *Hardy* v. *Harbin*, 4 Saw. 548; *Norton* v. *Meader*, Id. 615.) "The statutes of limitations, where they are addressed to courts of equity as well as to courts of law, as they seem to be in all cases of concurrent jurisdiction at law and in equity, * * * to which they directly apply, seem equally obligatory in each court. It has been very justly observed that in such cases courts of equity do not act so much in analogy to the statutes as in obedience to them." (2 Story Eq. Jur. 1520; *Norris* v. *Haggin*, 28 Fed. Rep. 278, and authorities there cited.) Applying these principles to the case at bar, it is ·very clear that mere lapse of time, not extending beyond the period fixed in the statute of limitations for the commencement of the suit, constitutes no bar to the action.

5. In the light of the averment in the complaint that this action was commenced "by the express consent, direction and authority of the corporation," it is manifest that the point stated in the demurrer that plaintiff has no legal capacity to sue, is not well taken.

The judgment of the district court is reversed, and cause remanded. The district court will designate a reasonable time for the defendant to answer the complaint.

By LEONARD, C. J., concurring:

I concur in the judgment.