## SCHEELINE BANKING & TRUST CO. *v.* STOCK-GROWERS & RANCHERS BANK OF RENO, ET AL.

No. 2998

December 5, 1932.                    16 P.(2d) 368.

*Walter Rowson, Fernand de Journel* and *Harold W. Haviland,* for Appellants:

*Thatcher & Woodburn,* for Respondent:

## OPINION

By the Court, COLEMAN, C. J.:

This is an appeal by Stockgrowers & Ranchers Bank of Reno, T. O. Ward, and J. D. Cameron from an order denying a motion to vacate and set aside a judgment and to quash an execution.

On December 31, 1923, the banks entered into a written agreement for the sale by defendant bank to plaintiff bank of all of its assets. Simultaneously with the execution of that agreement, the defendant bank, as principal, and T. O. Ward, J. D. Cameron, and John Poco, as sureties, made, executed, and delivered to plaintiff bank an undertaking in the sum of $40,000 to protect the plaintiff bank against shrinkage of certain assets sold by defendant bank to the plaintiff.

On December 28, 1928, the plaintiff brought suit to recover upon the undertaking mentioned in the sum of $34,946.62, and on February 25, 1929, it brought a second suit to recover $34,946.62. Both suits were against the defendant bank and all of the sureties. To the complaints in the actions mentioned the defendant bank and Poco filed separate answers, and the defendants Ward and Cameron filed a joint answer and cross-complaint against Poco.

After the answers were all filed the plaintiff made a motion to consolidate the two actions. The motion was heard on July 9, 1929, the appellants appearing by their respective counsel, and no objection being made, the

court entered the order of consolidation. On the same day and immediately after the entry of the order of consolidation, counsel for plaintiff, pursuant to notice theretofore given, made a motion for judgment on the pleadings against defendants bank, Ward, and Cameron. No objection having been made by counsel for the respective parties mentioned, the court ordered that judgment be entered against the defendants bank, Ward, and Cameron, together with interest thereon from December 31, 1923, until paid, and reserved jurisdiction as to the cross-complaint against John Poco. On the following day, July 10, 1929, the court signed a formal judgment against the parties mentioned, in accordance with the order of the previous day, but made no reference therein to the cross-complaint, nor reservation of jurisdiction to proceed thereon. Written notice of the entry of the formal judgment was served upon counsel for the defendants bank, Ward, and Cameron on July 26, 1929.

On June 18, 1932, an execution was issued upon said judgment, and on July 6, 1932, the appellants, bank, Ward, and Cameron, who will hereafter be referred to as appellants, since they are the only ones of the defendants who are interested in this action, filed in the lower court a motion for an order vacating the judgment of July 10, 1929, and to quash the execution of June 18, 1932.

Respondent contends that the motion to vacate the judgment and recall the execution came too late. In support of this point counsel rely upon district court rule 45, which provides that: "No judgment, order or other judicial act or proceeding * * * shall be vacated" unless the movant shall give notice of the motion within six months after such judgment was entered or proceeding had. In support of their contention our attention is called to the following authorities: Daniels v. Daniels, 12 Nev. 118; Lang Syne Gold Mining Co. v. Ross, 20 Nev. 127, 136, 18 P. 358, 19 Am. St. Rep. 337; Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638.

It is further contended that the motion to vacate was not authorized by section 8640 N. C. L., or any other legislative enactment, in support of which we are directed to a consideration of State ex rel. Smith v. Fourth District Court, 16 Nev. 371; Luke v. Coffee, 31 Nev. 165, 101 P. 555; State v. Cent. Pac. Co., 21 Nev. 172, 26 P. 225, 1109.

As remarkable as it may seem, counsel for appellants, in their reply brief, relative to the point made by respondent, say: "Both the preliminary statement, and the statement of facts of respondent are confusing, because they misconstrue the appellants' proceedings and evade the real issues. This appeal is not taken from an order denying a motion to set aside a judgment. This appeal is taken under section 8885, subsection 2, N. C. L. (among other grounds), from a special order denying a motion to quash an execution erroneously issued upon an interlocutory judgment, and to vacate from the records a misleading paper."

The motion, upon which the order appealed from was made, reads: "Now come the defendants, Stockgrowers and Ranchers Bank of Reno, a corporation, T. O. Ward and J. D. Cameron, and move the Court for an order setting aside and vacating the alleged judgment herein, dated July 10th, 1929, and quashing an execution issued against the said defendants in the above case on the 18th day of June, 1932, upon the following grounds:  *  *  * "

The notice of appeal is to the effect that the appellants "do hereby appeal to the Supreme Court of the State of Nevada from that certain Order made and entered by the above entitled Court in the above entitled causes and proceedings, on the 7th day of July, 1932, denying said defendants' Motion to Vacate and Set Aside Judgment and Quash Execution in said causes and proceedings."

Counsel further say in their reply brief: "The contention of the appellants is *not*, as respondent insists, that they are trying to set aside a final judgment two and a half years after its rendition; their contention

is that they are trying to set aside the erroneous construction made for the first time on June 18th, 1932, by Judge Guild, of that certain paper writing of July 10th, 1929, theretofore considered to be a bona fide *form* of the judgment of July 9th, 1929, and the motion of the appellants was made to that Court, and denied by it, and now presented in this appeal, was for an order quashing and vacating the execution and setting aside the previous order of June 18th, 1932, misconstruing the paper of July 10th, as a final judgment and authorizing the issue of the execution; and the grounds (among others) are that never before June 18th, 1932, was such an erroneous construction made on said so-called final judgment of July 10th; that the actions of plaintiff and defendants, and the proceedings, show that fact; and that the authority for such a motion rests on section 8885, subsection 2 of N. C. L."

■ Notwithstanding the shifting of positions by counsel for appellants, the fact is the appeal is from the order denying a motion to vacate the judgment and to quash the execution, because the notice of appeal which we have quoted so states.

■ Respondent does not say that appellants did not take their appeal within the time allowed by law, provided the court had jurisdiction to entertain the motion on which the order is based, but contend that the court had no authority to consider the motion made by appellants.

If this contention be true, it matters not how many errors the court may have made, if it can be said that a court can err in entertaining jurisdiction where it had none; hence we must determine if the court had authority to entertain the motion to vacate the judgment and quash the execution.

It is conceded that the motion to vacate was not made within six months of entry of the judgment in question. The only section of the civil practice act authorizing the vacating of a judgment is 8640 N. C. L., which provides that: "When, from any cause, the summons, and a copy

of the complaint in an action have not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representatives, at any time within six months after the rendition of any judgment in such action, to answer to the merits of the original action."

It is not contended that there was no service of summons upon the appellants. If such were the fact, the application to vacate was not made within six months from after the rendition of the judgment, as provided by the section mentioned.

Counsel for appellants say: "In State ex rel. Smith v. Fourth District Court, 16 Nev. 371, Judge HAWLEY'S opinion holds that the procedure for vacating a judgment in this State is regulated by statute, to which we naturally agree. The statute upon which we proceed and rely is the one already cited, applicable for relief from a special order made after a final judgment, according to the construction placed by the respondent on the document of July 10th."

Thus counsel concede that they have no remedy for vacating the judgment in question unless given by statute, but call our attention to no statute giving appellants such a remedy, directing our attention to section 8885 N. C. L., concerning appeals only.

They would certainly have the right of appeal if the court had the authority to vacate the judgment; but since counsel admit that the court had no authority to vacate the judgment unless given by statute, and then call our attention to no statute giving them such authority after the six months' period has elapsed, and we knowing of none, it must follow that no other order can be entered herein than to affirm the order appealed from.

■ We do not wish to be understood as holding that a void judgment might not be vacated at any time. The court might vacate a void judgment on its own motion. Persing v. Reno Stock B. Co., 30 Nev. 342, 349, 96 P. 1054.

■ It is not contended that the court did not have

jurisdiction of the subject matter or of the parties, and if the judgment is excessive, as contended, or other error was made, the court only erred in the exercise of jurisdiction, and the error cannot be complained of on the motion made. Douglas M. & P. Co. v. Rickey, 47 Nev. 148, 217 P. 590; Walcott v. Wells, 21 Nev. 47, 24 P. 367, 9 L. R. A. 59, 37 Am. St. Rep. 478; Floyd v. District Court, 36 Nev. 349, 135 P. 922, 4 A. L. R. 646.

It is ordered that the order appealed from be affirmed.