BELLE FLYNN SZILAGYI, Petitioner, Respondent, *v.* MARIE SZILAGYI, Appellant.

First Department, February 3, 1939.

247

*Alfred H. Schaffer*, for the appellant.

*Stanley Buchsbaum* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

CALLAHAN, J. The grandmother of two minor children has been held liable to pay for their support under subdivision 3 of section 101 of the Domestic Relations Court Act. The statute provides:

" 3. Where the father of a child included in a petition for support is dead, or where the court, in its judgment, is unable to secure adequate support for such child from its parents, and the child's grandparents are of sufficient means to support it, said grandparents are hereby declared to be chargeable with the support of such grandchild and may be required to pay a fair and reasonable sum according to their means, as may be determined by the court."

The first order for support herein was entered in 1934 for the sum of ten dollars a week. At that time the children's father was absent from the State. The father returned in 1937. In the same year, by order dated September 1, 1937, the sum which the grandmother was ordered to pay was increased to twenty dollars a week. The father was then brought before the court and ordered to pay nine dollars a week for the support of his wife, the mother of the children, but no order was made at that time for his support of the children. Later he appeared in court and offered to pay various sums for the support of his wife and children. Eventually he testified that he was earning twenty-five dollars a week, and offered to pay twenty dollars for the support of his wife and children. The grandmother thereupon moved to vacate the order of September 1, 1937, on the ground that the father of the children was employed and able to support his family. She further urged that as one of the children was over sixteen years of age, under the statute (Dom. Rel. Ct. Act, § 92, subd. [4]) she could not be required to support that child. The grandmother's motion was denied on August 25, 1938. This appeal is from the order denying such motion, as well as from subsequent orders.

Although it is difficult to ascertain from the record exactly what happened thereafter, it would appear that subsequent to August 25, 1938, the order against the father was amended, increasing the sum he was directed to pay from nine dollars a week to fourteen dollars a week, and the order against the grandmother was modified by reducing the amount she was to pay from twenty dollars to fifteen dollars per week.

The record before us does not contain the proceedings had in 1934 and in 1937. It consists largely of discussion between counsel and the court at the time when the grandmother's motions were made in 1938 to vacate the prior orders of the court. Because of the condition of the record, we are not advised of the circumstances on which the court acted in making the original orders for payment by the grandmother.

In the absence of extraordinary circumstances making the sum of twenty dollars a week inadequate to support the family involved herein, it would appear to us that the motion of the grandmother to vacate the prior order should have been granted.

Subdivision 1 of section 101 of the Domestic Relations Court Act places the primary duty for the support of a wife and children on the husband and father, "if possessed of sufficient means or able to earn such means," and to pay such "fair and reasonable sum according to his means, as may be determined by the court" to be necessary for such purposes. It would seem, therefore, that, where the father in good faith offers to support his children by paying twenty dollars a week out of his earnings of twenty-five dollars a week, he has fulfilled that duty, at least if the twenty-five dollars represents his full earning power. The question of "good faith" would not seem to be present in the present case, for there was an offer by the father to post a bond for such payments.

Although a secondary duty to provide for the support of grandchildren is imposed on the grandparents by subdivision 3 of section 101 of the Domestic Relations Court Act, "where the court, in its judgment, is unable to secure adequate support for such child from its parents, and the child's grandparents are of sufficient means to support it," we can see no basis for a determination that twenty dollars was inadequate to support the present family if the father's earning capacity was but twenty-five dollars a week. There may be extraordinary circumstances concerning the necessities of the children which might alter this determination, but they are not contained in the present record.

Accordingly, we will reverse the order denying the motion to vacate, and remit the motion to the court below for further determination. Upon the new hearing testimony should be taken con-

cerning all the issues involved. On the new hearing the question may be considered as to what effect the age of the older child might have on further orders to be made by the court. (See Dom. Rel. Ct. Act, § 92, subd. [4], and § 101, subds. 3 and 4; *Matter of Gurr* v. *Gurr*, 255 App. Div. 833.)

The order entered August 25, 1938, denying the motion to vacate the order of September 1, 1937, should be reversed, without costs, and the motion remitted to the Domestic Relations Court to make such other or further order in the premises as it may deem proper.

The appeal from the remaining orders should be dismissed.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order entered August 25, 1938, denying motion to vacate order of September 1, 1937, unanimously reversed, without costs, and the motion remitted to the Domestic Relations Court for further action in accordance with opinion. Appeal from orders entered on the 13th and 20th days of October, 1938, dismissed.