BELLE FLYNN SZILAGYI, Petitioner, v. WILLIAM B. SZILAGYI, Respondent.

BELLE FLYNN SZILAGYI (for MARYBELLE and WILLIAM, JR.), Petitioner, v. MARIE SZILAGYI (Paternal Grandmother), Respondent.

Domestic Relations Court of City of New York, Family Court, Bronx County, April 19, 1939.

*Stanley Faulkner*, for the petitioner.

*Alfred H. Schaffer*, for the respondents.

PANKEN, J. Both these proceedings came on before me for hearings after trials had already been had in each. Orders were made in both cases. In the first case, on the 20th of July, 1938, and in the other on the 14th of December, 1934.

Upon appeal to the Appellate Division, First Department, from an order denying an application to vacate the order entered in case No. 2, the order was reversed and remitted to this court for a hearing in both cases. (256 App. Div. 246.)

The testimony given by the father of the children and the husband of the petitioner by stipulation was to be applied with equal force and effect to the other proceeding. By a stipulation the children were included in the first petition.

The facts are that Belle Flynn Szilagyi and William Szilagyi were married and that William, Jr., and Marybelle are the issue of said marriage. The respondent Marie Szilagyi is the paternal grandmother of William, Jr., and Marybelle.

Heretofore a petition was filed by the mother of the two children against the grandmother asking for their support and maintenance. After a trial had on the petition an order was made requiring the grandmother to contribute twenty dollars weekly for such support and maintenance.

Subsequent thereto an order upon evidence submitted to the court was made requiring the father to contribute the sum of nine dollars weekly for the support of the petitioner, his wife, excluding from such order the children. No order was at that time made requiring the father to contribute to the support of his children. It is evident from the latter order that provision for the support of the children by their grandmother was to be continued and the husband to

support his wife. Thereafter an application was made for a modification of the order in so far as the grandmother was concerned. On that application the order was modified to the extent that the father of the children was required to contribute fourteen dollars weekly and the grandmother required to contribute only fifteen dollars weekly. The court, in its order of modification, did not disturb the orders made for the maintenance and support of the three dependents, the wife and the children, as to amount, excepting only as to the measure in which each of the parties chargeable with adequate support for wife and children were to contribute.

It was established before two justices of this court in two different trials that the sum requisite to make adequate provision for the support of wife and children was twenty-nine dollars weekly.

Subdivision 1 of section 92 of the Domestic Relations Court Act reads: " To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties."

The primary obligation to support wife and children always rested squarely upon the shoulders of the husband and father involved. That is affirmed by the foregoing subdivision of the statute.

Subdivision 3 of section 101 of the Domestic Relations Court Act of the City of New York provides as follows: " Where the father of a child included in a petition for support is dead, or where the court, in its judgment, is unable to secure adequate support for such child from its parents, and the child's grandparents are of sufficient means to support it, said grandparents are hereby declared to be chargeable with the support of such grandchild and may be required to pay a fair and reasonable sum according to their means, as may be determined by the court."

The obligation of grandparents financially able to provide adequately for the support of grandchildren is secondary; that obligation only arises when the parents, father and mother, who are primarily chargeable to support their children, are unable to do so in an adequate form.

What constitutes adequate support for children is a question of fact, and that question of fact must be determined in the light of what is reasonable. The phrase " adequate support " must be construed to mean the provision of an income necessary to meet reasonable requirements.

The language of subdivision 1 of section 92 of the Domestic Relations Court Act, imposing the obligation upon a father to support his children, differs from the language used in subdivision

3 of section 101. In the former instance the court is required to make an order for the support of children as "justice requires having due regard to the circumstances of the respective parties." In the latter instance the Legislature, amplifying subdivision 1 of section 92, or probably making clear its provision, uses this language: "Adequate support for said child from its parents," and imposes the obligation upon grandparents to contribute "a fair and reasonable sum according to their means."

If the father of children is unable to contribute a sum to adequately support his child or children and his parents or the parents of the mother of the children are financially able to do so, this court may allow a fair and reasonable sum according to the means of the grandparents.

Orders in this court for the support of wife or children or grandchildren are not final in their character. The orders in such proceedings are continuously subject to modification as change in circumstances of the parties to the proceedings compel and as justice, because of such change in circumstances, requires. An order requiring "X" to contribute fifty dollars a week for the support of his dependents may, in the course of time, be impossible of compliance because of a diminution of earnings or shrinkage of wealth, and, therefore, subject to modification. At the same time, an order made for the support of a wife and children or grandchildren by "X" in the sum, for example, of ten dollars weekly, upon a change of financial circumstances by reason of increased earnings and accretion of wealth, would manifestly be unfair, and such an order would be increased commensurate with "X's" changed circumstances as justice may in such conditions require.

Ability to respond in meeting an obligation and need of the dependent determines the extent of orders for support in this court. Obviously an order requiring a respondent to contribute in excess of his ability to so do is a futile gesture. And so, orders are always subject to modification.

The order made herein for the support of the wife only, in the face of the financial circumstances of the respondent at the time it was made and particularly because of the contribution by the grandmother to the support of the grandchildren, seemed fair. Equally so was the modification of the order against the grandmother, and the increase of the order against the father, fair, providing the grandmother, in view of the situation at that time existing, was required to contribute to the adequate support of her grandchildren.

The financial condition of the respondent-father is as follows: He receives a wage of twenty-five dollars weekly. That is the

uncontradicted testimony. In addition to that, he earns two, three or four dollars additional each week. In order to continue to work, the father must live. He must have shelter, food and clothing. That would require an expenditure not less than about twelve dollars weekly. He, however, testified under oath that he is willing to contribute out of his earnings the sum of twenty dollars weekly for the support of his dependents. That leaves him with eight dollars a week or possibly nine dollars. At least, in part, maintenance is provided for him by his relatives, probably his mother, the grandmother of the children involved.

Twenty dollars weekly, out of earnings .of twenty-seven to twenty-nine dollars, is more than a fair contribution from the father-respondent to the support of his wife and children. Is twenty dollars a week an adequate sum for the support of the two children? Is it a fair and reasonable sum? That has been decided to be so in a trial had for the support of the grandchildren.

There is also an obligation to support the wife. In two trials had before two justices of this court, the amount adequate and fair and reasonable for the support of the wife and two children was found to be twenty-nine dollars. It is difficult to allocate any portion of the amount to be contributed by the father to one or the other of his dependents.

The Appellate Division in its opinion in this case said: " In the absence of extraordinary circumstances making the sum of twenty dollars a week inadequate to support the family involved herein, it would appear to us that the motion of the grandmother to vacate the prior order should have been granted." (256 App. Div. 246.)

The testimony shows that the mother and two children require approximately $112 a month to meet the cost of necessities. That testimony stands uncontradicted.

It is urged that there is no longer any obligation upon the father or the grandmother to support William, Jr., by reason of the fact that he has now reached the age of seventeen years. Subdivision 4 of section 92 of the Domestic Relations Court Act reads as follows: " To make all orders for support run until further order of the court, except that orders for support of a child shall run until the child is seventeen years of age; or, where there are physical or mental disabilities of the child or other exceptional circumstances that warrant it, in the discretion of the court during such period after seventeen years and beyond the child's minority as such physical or mental disabilities or other exceptional circumstances may continue."

No particular exceptional circumstances which would require the court to direct the father to provide for William, Jr., have been

submitted by way of testimony to the court except that there is evidence that the child is attending high school. Parents should be happy to continue their children in school. To disrupt the scholastic pursuits of a child because it has reached the age of seventeen seems contrary to the compelling force of the child's as well as social need. As a rule, children do not graduate from high school before they reach their seventeenth birthday. To cut them off because they have reached the age of seventeen in the midst of their studies when the parents are able to continue them in school, is a loss to the child and also to the community. Our system of education developed in response to public policy. The Compulsory Education Law reflects an enlightened public policy. Under that law, children are required to attend school until they reach the age of seventeen. Sometimes the number of days they are obliged to attend school may be modified under given conditions. But every child, until it reaches the age of seventeen, must attend school, even if it be only part-time. That is enlightened and it is responsive to social need.

Can it be said that attendance at school, after the age of seventeen, is an exceptional circumstance, within the meaning of subdivision 4 of section 92 of the Domestic Relations Court Act? In the absence of testimony to the contrary, I should hold and do so hold, that this is a circumstance which continues the obligation of the parent chargeable for the support of the child. The child's attendance at school is in furtherance of fitting it for life both in the community and as an individual. It is my opinion that that presents a situation which in law and in fact, using the rule of reason, constitutes a circumstance contemplated by the Legislature in the enactment of subdivision 4 of section 92 of the Domestic Relations Court Act. To discharge a parent, who is financially able to provide for his child, from its support so that it will not be permitted to complete its studies in school, cannot be said to have been the intention of the Legislature nor would it be following the rule of reason in construing the legislative act.

Does the obligation to provide adequately for a child beyond the age of seventeen continue in so far as a grandparent is concerned? Subdivision 4 of section 101 of the Domestic Relations Court Act reads: " The parents, the grandparents, the children and the grandchildren of a dependent person over seventeen years of age, who has been a resident of the city at any time during the twelve months preceding the filing of the petition for his support, and who is unable to maintain himself and is likely to become a public charge are hereby declared to be severally chargeable with the support of such poor relative. The court shall determine and apportion the

amount that each such person shall be required to contribute, as may be just and appropriate in view of the circumstances of the case and their respective means."

As long as William, Jr., a child, is attending school, he is a dependent. There is, however, no evidence before me that William, Jr., need be a dependent if he did not attend school. However, present economic conditions indicate the lack of opportunity to become gainfully employed. While that is common knowledge, the court cannot take judicial knowledge of it in respect to William, Jr. It is a matter of evidence.

Parents have the obligation to support their children under the common law, as well as by the rule of nature. The statutory provision is an affirmation of that obligation. The obligation of a grandparent is secondary and it only arises when the parent is either unable to make provision or is outside of the jurisdiction of the court. In the case of *People* v. *Ramm* (197 N. Y. Supp. 234) the rule was laid down as follows: " That primarily the burden rests as stated on the persons charged by the law of nature and the common law with the infant's support, namely, the parents, and that it is only when they are unable to carry that burden that the grandfather can be called upon to contribute."

There is nothing in the act which gives this court the power to require the grandparent to provide for William, Jr., beyond the age of seventeen so that he might continue in school. If it can be shown that William, Jr., is not industrially employable or cannot otherwise find gainful occupation and by reason of that is dependent, an application for support from the grandmother may be made for his maintenance if the father is unable to carry that burden.

It is not necessary at this time to decide affirmatively that the father-respondent is required to make provision for support of his son William, Jr., during his attendance at school, since the father has agreed to contribute twenty dollars weekly for the support of his wife and children. That is all that he can contribute in the circumstances. An order will be accordingly made requiring the father to contribute twenty dollars weekly for the support of his wife and children and the case against the grandmother will be reserved generally. An application may be made on behalf of William, Jr., against the grandmother as a dependent, if dependent he is. I should find, as a matter of fact, that twenty dollars is not an adequate sum for the support of both the petitioner and Marybelle and William, Jr.

Let order be settled on three days' notice, first payment to be made under the order on the Saturday following its entry.