" FANNY JOHNSTON ", Petitioner, v. " ARTHUR JOHNSTON ", Respondent.*

Domestic Relations Court of New York, Family Court, Kings County, December 29, 1942.

* The opinion as filed sets forth the true names of all parties but as here published substitutes fictitious names and disguises certain other details, in consonance with the spirit of N. Y. City Dom. Rel. Ct. Act, § 52; L. 1933, ch. 482.

SICHER, J. On November 21, 1941, respondent was ordered to pay into this court, for the support of his son " Henry ", the semimonthly sum of thirty dollars, each and every semimonth, beginning December 1, 1941, and ending October 16, 1942, with leave to petitioner to apply, upon a proper showing of facts after October 16, 1942, for a further order beyond the child's seventeenth birthday anniversary (pursuant to N. Y. City Dom. Rel. Ct. Act, § 92, subd. 4; L. 1933, ch. 482) and with leave also to " Henry " to file a " poor relative " petition in his own behalf after his seventeenth birthday anniversary (under N. Y. City Dom. Rel. Ct. Act, § 101, subd. 4), if so advised. (See 177 Misc. 618, 625.)

Respondent has made all the payments accrued under such now-expired order.

And, from a December 21st, 1942, statement prepared by the cashier of this court, it appears that after the expiry date of such order respondent deposited for account of petitioner, on November 24, 1942, the sum of forty dollars (which the cashier remitted to petitioner in ordinary course of business), and on December 7, 1942, twenty dollars, and again on December 21, 1942, twenty dollars, which last two deposits the cashier has been holding pending further action of the court.

On October 22, 1942, petitioner appeared before me as the Justice presiding that day at Part II of the Kings County Family Court Division and asked that the aforementioned November 21st, 1941, order be continued beyond " Henry's " seventeenth birthday anniversary (October 18, 1942) in the discretionary exercise of the jurisdiction conferred upon this court by subdivision (4) of section 92 of the New York City Domestic Relations Court Act, namely: " To make all orders for support run until further order of the court, except that orders for support of a child shall run until the child is seventeen years of age; or, where there are physical or mental disabilities of the child or other exceptional circumstances that warrant it, in the discretion of the court during such period after seventeen years and beyond the child's minority as such physical or mental disabilities or other exceptional circumstances may continue."

Accordingly, I indorsed upon the petition a direction to the Probation Bureau to " investigate the alleged ' physical or mental disabilities of the child or other exceptional circumstances ' which, petitioner claims, warrant exercise of the discretion conferred by Dom. Rel. Ct. Act, § 92, subd. 4 "; and I further directed that such investigation should " include interview with respondent " and that all papers should be then sent to me for consideration.

After study of the Probation Bureau's supplementary investigation so made, petitioner's November 28th, 1942, letter to the court, the November 2nd, 1942, certificate of Mr. T, Principal of X School for Boys, the October 26th, 1942, certificate of Doctor N, the October 30th, 1942, certificate of Doctor F, and the February 26th, 1942, stipulation in the action in the Municipal Court of the City of New York, Borough of Brooklyn, First District, brought by petitioner against respondent, I have concluded that this is not the type of case contemplated by subdivision 4 of section 92 of the Domestic Relations Court Act and that petitioner should be relegated to her ample remedy in the Municipal Court of the City of New York. (See *Hoyt* v. *Hoyt*, 265 App. Div. 223; *Hess* v. *Hess*, 276 N. Y. 486; *Goldberg* v. *Mayer*, 243 App. Div. 477, affd. 270 N. Y. 660.)

The Family Court Division of this statutory court of limited jurisdiction and enumerated powers was created to furnish summary machinery for fixing the amount, and enforcing collection, of support of wives, young children and " poor relatives ". But, for reasons which seemed to it sufficient, the Legislature did not extend such jurisdiction during the entire minority of a child. At first it provided that, except in instances coming within the

special provisions of subdivision 4 of section 92 of the Domestic Relations Court Act, " orders for support of a child shall run until the child is *sixteen* years of age " (L. 1933, ch. 482, § 92, subd. 4) ; and by chapter 726 of the Laws of 1937 it raised that figure only to *seventeen* years. And that is still the maximum limitation (in ordinary cases), notwithstanding that when the 1942 Legislature conferred upon ǔp-state children's courts jurisdiction to order support analogous to and patterned on the provisions of the Family Court Division of Domestic Relations Court of the City of New York it granted to those courts power to order support during the entire minority of every child. (Children's Court Act, § 30-a, subd. 4, added by L. 1942, ch. 810, amdg. L. 1922, ch. 547.)

There now exist no such " physical or mental disabilities of the child " as warrant continuance of the jurisdiction of this court upon that ground. It appears that, fortunately, " Henry's " general health has been restored, he is an alert student achieving satisfactory grades, he has largely surmounted the handicap of the separation of his parents, and has preserved affectionate relations with both of them.

Nor is there a sufficient showing of any " other exceptional circumstances ".

It has been held by the highest court in New Jersey that a father is " under no legal duty to send his son to a boarding school, no matter what his financial circumstances may be," nor to furnish education beyond what is required and " provided by the school system of the state " (*Ziesel* v. *Ziesel,* 93 N. J. Eq. 153; cf. *Commonwealth ex rel. Binney* v. *Binney,* 146 Pa. Super. 374) ; and the New York Appellate Division, First Department, has expressly left open to doubt and future determination the question whether completion of a public high school course is sufficient ground for continuance of a support order under subdivision 4 of section 92 of the New York City Domestic Relations Court Act. (*Szilagyi* v. *Szilagyi,* 257 App. Div. 630, affg. 170 Misc. 1009.)

Moreover, assuming that under the particular circumstances " Henry's " welfare calls for his residence at and graduation from X School for Boys, that *desideratum* is unlikely to turn on a decision whether or not petitioner is still entitled to the summary procedure and drastic remedies of the Domestic Relations Court Act of the City of New York. Without *any* contribution from respondent, petitioner would be financially able and virtually certain to keep " Henry " at X School for Boys until the end of his course; the present controversy is narrowed down

to a difference between petitioner's request for sixty dollars and respondent's offer of forty dollars per month; petitioner had instituted in the Municipal Court of the City of New York an action against respondent upon the August 16th, 1940, Nevada decree to recover the sixty dollars monthly installments accrued prior to the aforementioned November 21st, 1941, order of this court; as previously held (177 Misc. 618, *supra*), this court is without power to enforce the financial provisions of said Nevada decree as such; if it were now decided that respondent's indebtedness to petitioner which is the subject of the pending Municipal Court action and the expected birth of another child of respondent constitute such material change of circumstances that the fair and reasonable sum respondent should at this time be required to pay into this court is less than sixty dollars a month, petitioner might nevertheless still insist upon the full amount and endeavor to collect the difference by another money action on the Nevada decree; both parties are represented by able counsel, who have negotiated installment payments in said Municipal Court action and presumably can compose this latest dispute between their clients; and, finally, " the time and devoted energies of its over-worked and understaffed personnel is too greatly wanted by petitioners who invoke without aid of counsel the costless machinery of this Family Court for urgently needed support." (*Sanders* v. *Sanders,* 178 Misc. 720, 722.)

For the foregoing reasons petitioner's application is hereby denied, the proceeding instituted by the petition verified October 3, 1941, is hereby marked " Reserved Generally ", and the cashier is hereby directed to return to respondent the forty dollars now on deposit and any additional sum which may be remitted by him before notice of this decision.

Today's determination, however, is, of course, without prejudice to the obligations and rights of each party under the aforementioned Nevada decree.

Notice shall be given to the parties pursuant to the subjoined direction.