THE STATE OF NEVADA, APPELLANT, *v.* THE FIRST NATIONAL BANK OF NEVADA, RESPONDENT.—CASE No. 2.

JURISDICTION OVER JUDGMENT AFTER EXPIRATION OF TERM. During the term at which a judgment is rendered, a district court may, perhaps, even without a statement or affidavits, upon motion of a party injured, amend or set aside an erroneous judgment; but to continue full and complete jurisdiction in the court over the case beyond the term, some order must be made or proceeding taken in accordance with statute.

STATEMENT OR AFFIDAVITS INDISPENSABLE ON MOTION FOR NEW TRIAL. A notice of motion for new trial given in due time, if followed by a statement or affidavits in due time, will continue the jurisdiction of the district court over its judgment beyond the term; but if the notice and statement are not both made in due time, the court loses its jurisdiction at the end of the term, and it cannot, thereafter, set aside the judgment, even though clearly erroneous.

KILLIP *v.* EMPIRE MILL COMPANY, 2 NEV. 34, as to the necessity of both notice and statement on motion for new trial within due time, to continue jurisdiction in the court beyond the term, approved.

APPEAL from the District Court of the Sixth Judicial District, Lander County.

The facts are stated in the opinion.

*Robert M. Clarke,* Attorney General, for Appellant.

*George S. Hupp,* for Respondent.

By the Court, BEATTY, C. J.

An action was brought by the plaintiff against the defendant, a corporation, for certain taxes alleged to be due for school purposes in one of the school districts of Lander County. The summons was served on the defendant, which failed to appear. Default was taken, the proper proof introduced, and judgment for the plaintiff. This judgment was rendered on the 24th of February, 1868. On the 26th of February a notice was served by the defendant on the plaintiff that it would move for a new trial, on a statement thereafter to be served. This statement was never served. At the next term of the Court a new trial was granted, and plaintiff appeals.

During the term at which a judgment is rendered, perhaps the

Court may, even without a statement or affidavits, upon motion of the party injured, amend or set aside a judgment which is erroneous on its face, or not founded on a complaint showing a cause of action.   But to continue the full and complete jurisdiction of the District Court over a case beyond the term at which judgment is rendered, some order must be made or some proceeding taken in accordance with the statute.   A party moving for a new trial may continue the jurisdiction of the Court over the case by giving a notice of intention to move for a new trial in due time, and following up that notice by a statement or affidavit made in due time.

But if the *notice and statement* are not made within the statutory time, the Court, for most purposes, loses jurisdiction of the case at the end of the term, and thereafter cannot set aside a judgment, be it ever so erroneous.   (See *Killip* v. *The Empire Mill Co.*, 2 Nev. 34.)   In this case, as there was no statement, the Court had no jurisdiction to grant a new trial.   The order granting a new trial must be reversed and set aside.   The appellant will recover his costs in this Court.

By JOHNSON, J., dissenting.

The rule laid down in *Killip* v. *Empire Mill Co.*, (2 Nev. 34) has never received my full approval, but even conceding that such has become the established rule of this Court, yet I cannot perceive that it reaches the case in hand.   The notice of the motion was to *set aside the judgment*, and for a new trial—was served on the adverse party, and filed with the Clerk within two days—near the close of the term.   This notice reads thus : That the defendant will move the Court to set aside the judgment rendered herein on the 24th of February, A. D. 1868, and for a new trial of the issues in said cause ; and that said motion will be based upon a statement to be filed herein, and upon the complaint, summons, and judgment herein.   The motion came on to be heard the following week, but as it happened, in the arrangement of the term of the Court, was in the term following the rendition of the judgment and the giving of such notice.   It appears that defendant, relying on the objection to the proceedings had in the case, that an action to enforce the collection of special taxes for school purposes could not be main-

tained in the name of the State, deemed it unnecessary to file any statement, but presented the motion upon the matters appearing from the complaint, summons, and judgment, as the notice had already indicated.   The objections being of the character stated, it will be difficult, I apprehend, to point out any needed purpose a statement of the case could supply, beyond such as was contained in the papers and records of the case.

It would be a vain and needless thing to require a party to furnish a statement of the case when by no possibility could it embrace anything bearing upon the question beyond that which the Court records already had supplied.   The motion, it is true, is in part denominated a motion for a new trial, and the proceedings had in the Court below partake somewhat of that character, as defined in the Code.   Yet looking at the matter in its real and not mere technical sense, it is apparent that the District Court, in setting aside this judgment, acted in pursuance of its general common law powers in cases of erroneous judgments.   At least the action of the Court is defensible on this ground, and as I believe it was correct in the view taken of the main question—that the action should have been brought in the name of the Board of School Trustees, and not by the State—I can see no objection to the course pursued in setting aside the judgment, rather than to compel the aggrieved party to pursue the more vexatious and expensive method of appealing from the judgment.   Entertaining these views, I am compelled to dissent from the conclusion reached in the prevailing opinion.