(No. 20005)

THE PEOPLE *ex rel.* William Niemoth, Plaintiff in Error, *vs.* JOHN E. TRAEGER, Defendant in Error.

*Opinion filed April 17, 1930—Rehearing denied June 3, 1930.*

LOUIS GREENBERG, for plaintiff in error.

JOHN A. SWANSON, State's Attorney, (EDWARD E. WILSON, JOHN HOLMAN, and Q. J. CHOTT, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon a petition filed in the criminal court of Cook county on July 24, 1929, representing that William Niemoth was illegally restrained of his liberty by the sheriff of Cook county under a warrant issued on February 18, 1929, by the Governor of the State of Illinois on demand of the Governor of the State of Maryland, as a fugitive from justice, charged with the crime of robbery committed in the city of Baltimore, in that State, October 1, 1926, a writ of *habeas corpus* was issued, in accordance with which Niemoth was produced in the criminal court and upon a hearing was remanded to the custody of the sheriff. Thereupon he sued out a writ of error to review the judgment, as authorized by section 2 of the act in relation to fugitives from justice, as amended on June 18, 1929. (Laws of 1929, p. 487.) The petition alleged that the warrant was procured by a failure to inform the Governor of the State of Illinois that on December 29, 1926, a warrant was issued upon the requisition of the Governor of the State of Maryland against Niemoth upon the same charge of robbery, upon the hearing of which on January 3, 1927, he was discharged. The petition upon which this earlier writ of *habeas corpus* was issued in December, 1926, a copy of which was attached to the petition in this case as a part thereof, stated that William Niemoth was arrested and taken into custody on December 21, 1926, by police officers of the city of Chicago without a warrant issued by a judge, magistrate or other presiding officer of competent jurisdiction, and had been made a prisoner by them, and therefore he was being held illegally, without due process of law and without authority; that he was held illegally without a warrant issued by a judge, magistrate or other presiding officer of competent jurisdiction and against his will, and was not committed or detained by virtue of any process, judgment, decree or execution issued by any court

or judge of the United States in a case where such court or judge has exclusive jurisdiction, or by virtue of a final decree or judgment of any competent court of criminal or civil jurisdiction, or of any execution issued upon such decree or judgment, nor for any treason, felony or other crime committed in any other State or territory of the United States, to be delivered up to the executive powers of such State or territory.

It is thus disclosed by the petition in this case that the plaintiff in error asked for his discharge on the former writ of *habeas corpus* because of the want or insufficiency of process. It is sought to enlarge the issue by the testimony of witnesses, that the court heard evidence as to the presence of the plaintiff in error in the State of Maryland on the alleged date of the commission of the crime, and upon the proposal of the counsel for the plaintiff in error to make proof that the discharge of the plaintiff in error on January 3, 1927, was based on the adjudication of the court to the effect that William Niemoth was not a fugitive from the State of Maryland, counsel for the defendant in error stated that it would be unnecessary for the relator to make proof of the adjudication in the first *habeas corpus* proceeding, as it would be conceded that the court held in that proceeding that Niemoth was not a fugitive from the State of Maryland, but that it would not be conceded that the discharge operated as *res judicata* in this proceeding, although the second requisition was based upon the same indictment.

The parties cannot stipulate as to the meaning or effect. of the judgment of a court. The issue in a *habeas corpus* case is made by the return and the denial of any material fact set forth in the return which may be made and the allegation of any other fact which may be material in the case, which must be under oath. We will not consider a stipulation of parties that the decision of the case was rendered upon a point not within the issue made by the plead-

ings. The judgment of a court appears from its record, and cannot be shown, changed or modified by the agreement of parties or the testimony of witnesses. The bill of exceptions does not state that it contains all the evidence and does not show the return of the sheriff to the first writ of *habeas corpus,* and the order of the court made on January 3 by the criminal court on the first writ shows that "the court having inquired into the cause of the caption and detention of said relator, and being fully advised in the premises, doth order that the petition in this cause be and the same is hereby sustained, and doth order that the said relator be and he is hereby discharged from the custody of the said respondents."

The petition having alleged that Niemoth was taken into custody without a warrant and was held without due process of law and without authority, and not for any treason, felony or other crime committed in any other State or territory of the United States, to be delivered up to the executive powers of such State or territory, no return appearing to have been made to the writ, and the judgment of the court being that the petitioner be discharged from the custody of the respondents, no adjudication of any question was shown except that the detention of the petitioner by the respondents without any process was unlawful. The petitioner cannot, in face of that record, now say that he was then held by virtue of a warrant issued by the Governor for delivery to the executive authority of another State, that the court decided that he was not a fugitive from justice, and that the judgment was a bar to his detention under a warrant subsequently issued by the Governor for his delivery to the executive authorities of another State.

The judgment is affirmed. *Judgment affirmed.*