CROWELL *v.* SECOND JUDICIAL DISTRICT COURT, IN AND FOR WASHOE COUNTY, DEPARTMENT 1, ET AL.

No. 3002

March 6, 1933.                    19 P.(2d) 635.

*Harlan L. Heward*, for Respondent:

*James T. Boyd* and *Fernand de Journell*, for Petitioner:

## OPINION

*Per Curiam:*

This is an original proceeding in mandamus to compel the respondent court to assume jurisdiction of an application to vacate a decree. The petition shows that on October 27, 1930, the respondent court entered a decree of divorce in favor of the petitioner herein and against Merle Crowell, wherein it adopted and made a part thereof, by reference, an agreement of a property settlement, described therein as having been executed by the parties during the month of July, 1930; that on the 23d day of August, 1932, this petitioner served notice upon Charles S. Nichols, Esq., the attorney who appeared of record for the said Merle Crowell in said divorce proceedings, that she would on the 30th day of August, 1932, move the respondent court for an order "setting aside and vacating the decree given and made on the 27th day of October, 1930, in the above-entitled cause, and will further apply to the Court for such other and further relief as may be meet and proper in the premises"; that, when the matter came up for hearing before the respondent court, the defendant appeared specially by Harlan L. Heward, Esq., as his counsel, and objected to the court assuming or exercising any jurisdiction with regard to and in respect to this petitioner's motion and notice of motion, referred to, to set aside and vacate the decree mentioned, upon two

grounds, namely: (1) That the court had lost jurisdiction in the matter by lapse of time after the entry of said decree, in that more than six months had elapsed since the entry thereof, the court having retained no jurisdiction thereof; (2) that the service of notice of motion was made upon a former attorney for the defendant, but who was not at the time of such service the attorney or representative of the defendant.

The respondent court declined to assume jurisdiction of the application to vacate and set aside the decree in question.

To the petition herein the respondent filed a general demurrer. We think the demurrer should be sustained.

■ District court rule No. XLV provides that no judgment, order, or other judicial act shall be vacated, amended, modified, or corrected unless notice of the application shall be given within six months after such judgment was rendered, order made, or action or proceeding taken. See Scheeline Banking & Trust Co. v. Stockgrowers & Ranchers Bank, 54 Nev. 346, 16 P.(2d) 368.

It is clear that the notice to vacate the decree was not given within the time limit.

■ It was argued that the petitioner seeks to have the respondent court correct the decree entered. Such action was not contemplated by the notice given, and the petitioner is bound by the limitations of the notice; however, we may say that we are of the opinion that petitioner would be in no better position had she given notice of an application to have the decree corrected in the manner argued before us. The rule limits corrections to six months, as well as orders vacating a proceeding.

But authorities are cited from other jurisdictions to the effect that a court has inherent power to make its records and decrees speak the truth whenever it may be discovered that they do not do so. We recognized that rule in Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95, 67 A. L. R. 824, and in Brockman v. Ullom, 52 Nev. 267, 286 P. 417; but what petitioner really seeks to have

the court do is not to make a correction, but to change the terms of the decree. This cannot be done in the manner sought.

We think the ruling of the respondent was right, and that these proceedings should be dismissed.

It is so ordered.