PEARL OBERLEDER MAYER GOLDBERG, Appellant, *v.* SIEGFRIED MAYER, Respondent.

First Department, March 8, 1935.

*Frederick E. Weinberg* of counsel [*Benedict A. Leerburger*, attorney], for the appellant.

*H. Russell Winokur*, for the respondent.

GLENNON, J. Plaintiff and defendant were married in January, 1921. The only issue of the marriage is a daughter about eleven years of age. Difficulties arose between the parties, and as a result a separation agreement was entered into on the 25th of March, 1931. Subsequently, in the month of June of the same year, plaintiff was awarded a judgment of absolute divorce from the defendant in the State of Nevada, after a trial in which the defendant was represented by an attorney. Without objection on the part of the defendant, the separation agreement was ratified and approved by the court and was embodied in the decree of divorce.

Defendant has failed to comply with the provisions of the judgment, with the result that plaintiff instituted this suit for the amount of arrears. Two causes of action are set forth. In the first, plaintiff has asked for the amount due under the provision for her

support. The second is based upon the failure of the defendant to comply in full with that part of the decree which covers payments for the maintenance of the child. The clause of the agreement with which we are presently concerned reads as follows:

"*Fourth.* The Husband, since the separation of the parties has paid weekly sums of money directly to the Wife for the support and maintenance of his Wife and child, and agrees to pay directly to the Wife, as long as the Wife shall continue to observe the provisions and conditions of this agreement, and as long as this agreement is in force, the sum of $35.00 per week, for his child and $20.00 for his Wife. The aggregate of $55.00 per week has been fixed as representing the amount that the Husband is able to contribute at the present status of his business and financial condition. The parties agree that this weekly allowance shall be subject to be raised or lowered in accordance with any corresponding change in the Husband's financial condition."

Defendant in his answer asked that the complaint be dismissed, and in addition thereto that the agreement dated March 25, 1931, be modified so that he shall be required to contribute only the sum of twenty dollars weekly toward the support of his daughter " or such sum as the court shall fix and determine to be a reasonable weekly payment to be made by the defendant   *   *   *, which said weekly payment shall be instead of and in lieu of all payments to be made by this defendant as provided for in the said agreement, plaintiff's Exhibit ' A.' "

For the sake of brevity, we will not set forth at length the allegations upon which defendant relies to sustain his separate defense and counterclaims.

He contends, in effect, that since the separation agreement which is incorporated in the decree, permits the reduction of the weekly payments where, as here, his financial circumstances have changed, resulting in a decrease of income, it would be inequitable to compel him to pay the whole amount due under the terms of the Nevada judgment. He asserts that, under rule 45 of the Rules of the District Court of Nevada, he is precluded from having the judgment, in so far as it pertains to the award, modified, as he did not, within six months after it was rendered, make a motion there for the relief he seeks here.

Our answer to his contentions is twofold. In the first place, this action is predicated upon a judgment of a sister State for alimony which accrued by virtue thereof, and consequently it is entitled to full faith and credit. (*Van Horn* v. *Van Horn,* 196 App. Div. 472.) In the second place, the defendant, who was represented by counsel in Nevada, interposed no objection to the

decree which contained the separation agreement, although, if his assertions are true, his income had decreased considerably prior to the trial of that action.

Apparently the Nevada courts have the power even now to construe and clarify the decree if there is any uncertainty or ambiguity about it. (*Lindsay* v. *Lindsay*, 52 Nev. 26; 280 P. 95; *Crowell* v. *District Court*, 54 Nev. 400; 19 P. [2d] 635.) Whether or not the courts of that State have retained jurisdiction over the parties and the subject-matter by virtue of the form of the decree is a matter to be decided there, not here. What relief, if any, defendant might obtain in Nevada is a problem with which we are not now concerned, since, as we have seen, the action is based upon the judgment as entered. We have reached the conclusion, therefore, that the court at Special Term should have granted the motion made by plaintiff.

Since it is conceded by defendant that he has failed to pay the sum of $2,860.69 pursuant to the provisions of the decree, and plaintiff, although claiming more, has expressed a willingness in her brief to accept defendant's figure, judgment should be entered in favor of plaintiff in the sum of $2,860.69, with interest as demanded in the complaint.

The order appealed from should be reversed, with twenty dollars costs and disbursements to the appellant, and the motion granted as herein indicated.

MARTIN, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements to the appellant, and the motion granted as indicated in the opinion. Settle order on notice.