## TRESEMER v GUGLE et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3426. Decided Dec. 3, 1941

Henry G. Binns, Columbus, and James I. Boulger, Columbus, for plaintiff-appellee.

Addison, Isaly & Addison, Columbus, for defendants-appellants.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined on plaintiff-appellee's motion to dismiss defendants' appeal.

The original action was one for accounting. Issues were joined and upon hearing the trial court found for the defendants and dismissed plaintiff's petition.

This order and judgment of the court were journalized April 22, 1938.

On January 25, 1941, the plaintiff filed motion in the following language, omitting the formal parts:

"Comes now plaintiff and moves the Court to vacate the judgment entry heretofore, on April 22, 1938, made and entered herein, and to make and enter in lieu thereof an entry nunc pro tunc which shall truly reflect the findings and decisions of the Court."

The motion also provided for notice that the same would be for hearing before Honorable Dana F. Reynolds, Judge of the Court of Common Pleas, Franklin County, Ohio, on February 1, 1941, at nine o'clock, A. M.

On June 21, 1941, the Court caused to be journalized its order and judgment, entering a nunc pro tunc, as per request of plaintiff. The nunc pro tunc order is very lengthy, and hence we will not set it out in full. The purpose of a nunc pro tunc order is to have the judgment of the Court reflect its true finding and whenever the original judgment entry does not so do, the trial Court has very broad powers to correct the entry by nunc pro tunc order.

From the brief of counsel for plaintiff the object of the motion was to have the trial Court amplify the judgment so that it would properly reflect the scope thereof as determined by the Court. The claim is made that plaintiff subsequently brought an action at law against the defendants covering the same subject matter, and was met in defense with the claim that the final judgment of the Court rendered the question res adjudicata.

The original judgment was very broad in its terms. The nunc pro tunc judgment contained, among other things, the statement that plaintiff's action for accounting was dismissed because he had an adequate remedy at law.

On June 23, 1941, defendants, through their attorneys, filed a motion which, omitting the formal parts, reads as follows:

"Now come the defendants herein and move the Court:

1. To strike from the files the entry filed herein in this cause on the 21st day of June, 1941, for the reason that the Court had no jurisdiction, right, power or authority to make such entry.

2. For rehearing on the motion filed herein to set aside the judgment entered on the 22nd day of April, 1938, for the reason that the same was entered without any evidence, without any hearing on the facts and that said judgment is contrary to law and was void and of no force and effect, the Court being wholly without jurisdiction to make such an order.

3. Said judgment is erroneous and void for the reason that it was entered within three days after the decision of the Court and before a motion for a new trial had been filed and at the time of said entry no motion for a new trial had been filed."

On August 30, 1941, through journalized entry, the trial Court overruled defendant's motion in its entirety. In addition, the original entry contained the following:

"The Court finds that plaintiff's said motion for an entry nunc pro tunc was heard and determined by the Court on the record and the original papers filed in said cause, including the written decision rendered by the Court on April 16, 1938, which was the basis of plaintiff's motion for said nunc pro tunc entry, although there was no formal proffer of same as evidence, and that at the hearing on said motion for the nunc pro tunc entry counsel for the defendants was present in court and declined to participate in said hearing."

Then follows the language through which the motion to strike and for a rehearing was overruled.

On September 2, 1941, defendants filed notice of appeal which, omitting the formal parts, reads as follows:

"Now come the defendants herein and give notice of their intention to appeal on questions of law from a judgment entered by the Court of Common Pleas, Franklin County, Ohio, in this cause on the 21st day of June, 1941, and on the 30th day of August, 1941."

Counsel for defendants-appellants perfected their appeal by having filed transcript of docket and journal entries, and on October 3, 1941, filed their brief on the merits.

On October 22, 1941, counsel for plaintiff-appellee filed motion to dismiss the appeal. This motion, omitting the formal parts, reads as follows:

"Comes now Carl Tresemer, appellee, and respectfully moves the Court to dismiss the appeal herein filed for the reasons and upon the grounds following, to-wit:

1. That the entry of August 30, 1941, overruling motion to strike the nunc pro tunc entry of June 21, 1941, from the files is not a final order from which an appeal on questions of law can be taken herein;

2. That the nunc pro tunc entry of June 21, 1941, correcting the judgment entry of April 22, 1938, so as to make

it truly reflect the finding and decision of the Court, is not a final order creating or affecting any substantial right from which an appeal may be taken herein;

3. That the notice of appeal on questions of law filed September 2, 1941, was not duly filed, nor was it filed within the time required by law;

4. That no appeal bond has been filed by appellants."

For the purpose of narrowing the question, we might at this time state that counsel for defendants-appellants disclaim any intention to appeal from the nunc pro tunc entry of June 21, 1941, but their appeal is directed to the judgment of September 2, 1941, overruling defendants' motion to strike and for rehearing. The notice of appeal is broader than now claimed by appellants, and in fact does mention the judgment of June 21, 1941, as well as that of August 30, 1941.

We would have no difficulty in determining that the notice of appeal, so far as it relates to the judgment of June 21, 1941, can not be effective, for the reason that more than twenty days have expired following its rendition. This rule has its exception in jury cases where final judgment may not be entered until after the expiration of the statutory period of three days or the final overruling of such motion, when same has been duly filed. This provision is fully prescribed under the General Code.

Under the new Procedural Act, effective January 1, 1936, and amendment effective August 23, 1937, the provisions relative to new trials apply to other forms of action, including chancery cases. Sec. 12223-7 GC. The pertinent portion of the above section reads as follows:

"Provided, that, when a motion for a new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until

the entry of the order overruling or sustaining motion for new trial."

This provision does not mean that motions for new trial may properly be filed in all cases, but the words "duly filed" provide a limitation. The Supreme Court of Ohio, in the case of Cullen v Schmit, 137 Oh St 479, makes a very clear pronouncement on this question. Syllabus 3 reads as follows:

"3. A motion for new trial is duly filed only when, if granted, it would result in a re-examination of the issues of fact presented by the pleadings."

Reference is also made to the decision of our Court in the case of Hoyer v Breakfield, 34 Abs 416.

Measured by these tests, it is obvious that no motion for new trial was necessary or proper in the instant case, and even if defendants-appellants' motion for rehearing could be considered as a motion for new trial, it would be ineffective to toll the statute within which notice of appeal is required to be filed.

Plaintiff-appellee's motion to dismiss the appeal is heretofore set forth in full. The first numbered subdivision makes the broad claim that the entry of August 30, 1941, overruling the motion to strike the nunc pro tunc entry of June 21, 1941, from the files was not a final order from which an appeal on questions of law can be taken. Defendants-appellants' motion to strike the nunc pro tunc order was on the claimed reason that the Court had no jurisdiction, right, power or authority to make said entry.

The motion to strike must fail from its own language, for the reason that Courts do have jurisdiction, right, power and authority to make nunc pro tunc orders. There are times when such nunc pro tunc orders are erroneously made, but when this occurs the prescribed procedure is appeal and within the time prescribed under the pertinent sections of the Code. The right to make nunc pro tunc orders is inherent in the court. This is so stated by the Supreme Court in the case of Heacock v Byers, 120 Oh St 621. In this case the Supreme Court also makes the pronouncement that the right is not dependent for its existence on any statute, and further that §11631 GC, has no reference to nunc pro tunc proceedings and the limitations of §11640 GC, have no application.

The sections above referred to and others in same chapter relate to vacation and modification of orders or judgments after term, with the requisite procedure and the time within which the same may be done. The above decision of the Supreme Court at once eliminates much of the argument and citation of authorities in the briefs of counsel.

A very full and exhaustive treatise on the subect of nunc pro tunc order will be found in Vol. 23 Ohio Jurisprudence (Judgments), §256 and following:

We refer to the pertinent parts of scme of these sections:

No Limitation of Time for Nunc Pro Tunc Entries, §§256-288;

Statutory Limitations on Proceedings to Vacate or Modify, have no application, §§256-282;

Nunc Pro Tunc Order may be made on Court's Recollection or Memorandum of Court, §§257-259.

May be made on Court's own Motion. §289.

While it is probably true that pretended orders where the Court has no jurisdiction may be attacked directly, collaterally or upon motion, this rule can not be extended to cases where the Court does have jurisdiction and the claim is made that it was erroneously exercised. The mere fact that appellants in their motion to strike base it upon the ground of no jurisdiction, right, power or authority, will not be accepted as final where it clearly appears that the Court had jurisdiction. Appellants' remedy was to file a notice of appeal within time from the judgment of the Court making the

nunc pro tunc order. This time may not be extended by filing motions to strike. If such a procedure was countenanced, every claimed erroneous order might be attacked by motion and thereby the cause continued in court indefinitely.

Had the appellants filed their notice of appeal within time from the nunc pro tunc judgment, all questions could then have been presented to us on their merits.

It is argued pro and con as to whether the nunc pro tunc alters the provisions of the original judgment. While ordinarily as between the parties, a nunc pro tunc order is entered as of the date of the original judgment, however, if there is a modification which affects the parties' rights, appeal may be perfected from the actual date of the nunc pro tunc order. **Perfection Stove Company v Scherer, 120 Oh St 445-448.**

We are constrained to the view that the entry overruling defendants-appellants' motion to strike, etc., was not a final order, and therefore appellee's motion to dismiss the appeal must be sustained.

Costs in this court will be adjudged against the appellants.

GEIGER, PJ., HORNBECK, J., concur.

## APPLICATION FOR REHEARING

No. 3426. Decided Dec. 22, 1941.

BY THE COURT:

The above-entitled cause is now being determined on appellants' application for rehearing. The reasons for the application are set forth in three separate specifications. We will take these up in order:

"1. It does not appear from the opinion that the Court has passed upon the vital question involved, namely, may a court after the end of the term in which the judgment is rendered by a nunc pro tunc entry substitute another and a different judgment for the one rendered without giving the party in whose favor the judgment was entered notice of its intention to do so?"

Reason No. 1 seems to request our judgment on an abstract proposition and beyond the factual situation of the case being determined. It is a general rule that courts strive to confine themselves to the facts and issues under consideration rather than to branch out on imaginary situations.

It is always better to take these latter situations up when they arise. We are unable to find that in the motion filed June 23, 1941, by defendants any claim was made of failure to give notice. Plaintiff's application, under date of June 25, provided for notice. The journalized entry, under date of August 30, 1941, contains a recital that at the time of the hearing and determination of the application for a nunc pro tunc order, counsel for the defendants were present in court, but declined to participate in said hearing.

We think that the original opinion sufficiently covers the situation as presented under the record, and that the trial court had the authority and jurisdiction to make a nunc pro tunc order.

Reason No. 2 is as follows:

"2. Is such a judgment if entered without service and without notice and without hearing void or voidable?"

What has been said relative to Reason No. 1 applies to this specification.

Specification No. 3 reads as follows:

"3. If a court may without notice and without a hearing at any time after a judgment has been rendered by nunc pro tunc order change the judgment to one different from that which it entered, then does the 20 day statute apply for notice of appeal, for if that be a fact everyone with an unsatisfied judgment would be compelled to

search the records of the court every 20 days to see if their judgment has been changed without their knowledge during that period of time."

This reason again starts out with the proposition that the Court acted without notice and without a hearing, and that the nunc pro tunc order changed the judgment to one different from that which was originally entered.

We did not at all consider the question on the theory that notice was not given on plaintiff's application for a nunc pro tunc order. We had no reason to understand that this question was in the case, for the reason that defendants-appellants did not raise it. Furthermore, we observed that the order provided for notice and it also appeared from the court's entry that counsel for the defendants were present in court. We did not pass on the question as to whether or not the nunc pro tunc judgment differed in substance from the original judgment, but specifically pointed out that if there was a modified judgment which materially affected the rights of defendants, that their remedy would be on appeal from the date of the nunc pro tunc order. We likewise pointed out that there was a difference in procedure as to applications for nunc pro tunc orders and applications for setting aside judgments. The power of a court as to a nunc pro tunc entry is very broad. In the original opinion we referred to Ohio Jurisprudence, Vol. 23 (Judgments), §256, p. 678 and following. We think a careful reading of the text under the pertinent section of Ohio Jurisprudence, together with the cases cited in the notes, will adequately answer any confusion in counsel's mind as to the proper procedure.

The application for rehearing will be denied.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.