MIRIAM FINLEY, Appellant, v. LARRY FINLEY, Respondent.

No. 3497

February 2, 1948.                    180 P.2d 334.

*Harvey Dickerson,* of Las Vegas (*Clyde D. Souter,* of Reno, of counsel), for Appellant.

*Jones, Wiener & Jones* and *D. Francis Horsey,* all of Las Vegas, for Respondent.

## OPINION

By the Court, WINES, District Judge:

The facts pertinent to this appeal are briefly as follows:

On August 1, 1946, a decree was made and entered in the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, in the above-entitled action, granting to plaintiff an absolute divorce, awarding to her the custody of the minor child the issue of the marriage, ordering that defendant pay plaintiff a certain monthly sum for the support and maintenance of the child, and finally, approving a property agreement

theretofore made by the parties which had been admitted into evidence. The matter was tried by the court without a jury, and upon the complaint of plaintiff and the answer of defendant.

On January 6, 1947, the plaintiff noticed a motion to amend the decree of divorce entered August 1, 1946, for the 13th day of January, 1947. Plaintiff gave notice that she would move the court to amend the decree by having the court adopt as a part of the decree the provisions of the property agreement, and further, that she would move the court that the amended decree be entered nunc pro tunc as of August 1, 1946. The defendant in writing acknowledged service of the notice, consented to the hearing of the motion on January 6, 1947, waived time for notice and consented to the amendment of the decree as set out in plaintiff's motion, using this language: "Consents to the amendment of said decree of divorce as applied for by plaintiff under and by virtue of the afore-mentioned notice of motion to amend the decree of divorce." Thereupon, the court on the same day made its order granting leave to amend and on the same day made and entered its "Amended Decree of Divorce" reciting in words the provision of the property agreement as its decree in respect to the maintenance and support of plaintiff and the property rights and relations of the parties, ordering the parties to carry such provisions and ordering that the amended decree be entered nunc pro tunc as of August 1, 1946. The original decree of August 1, 1946, had provided "It is further ordered, adjudged and decreed that the property settlement agreement entered into between plaintiff and defendant on the 4th day of May, 1946, be, and the same is, hereby approved." The amended decree of January 6, 1947, repeated said order and added, among other things, the following:

"It is further ordered, adjudged and decreed that defendant pay plaintiff until her remarriage, as and for

her support and maintenance, the sum of $1350 per month commencing on August 4, 1946, and thereafter on the 4th day of each month until and including April 4, 1947; and, thereafter on the 4th day of each month commencing May 4, 1947, that defendant pay plaintiff as and for her support and maintenance, a sum equivalent to 36% of his monthly earnings, provided, however, that the monthly payments commencing May 4, 1947, shall not exceed the sum of $1350 or be less than the sum of $450; that at the end of each year during the term of the aforesaid agreement, defendant shall deliver to the plaintiff a statement of his earnings during the preceding year, said statement to be certified to be correct."

On March 26, 1947, the defendant filed in the action a motion and notice of motion wherein notice was given that the defendant would on the 4th day of April, 1947, move the court to modify the decree of August 1, 1946, and January 6, 1947, in certain particulars. The plaintiff was served and appeared specially, after substitution of attorneys, for the purpose of contesting the jurisdiction of the court to hear and determine the motion noticed by the defendant. The matter was heard on the point presented by plaintiff and the question was resolved in favor of the defendant by the court. The plaintiff did not contest the matter on its merits and the court ruled in favor of the defendant on the motion and entered the decree denominated "Modified Decree of Divorce" modifying the decree of January 6, 1947, as above set forth. Plaintiff has appealed and assigns error in the order overruling her objection taken to the court's assuming jurisdiction of the motion. Plaintiff in the court below, who is appellant here, will be hereinafter referred to as plaintiff and the respondent husband as defendant.

Briefly, the argument of counsel for plaintiff has been that as the decree made January 6, 1947, was entered

nunc pro tunc as of August 1, 1946, the same was retrospective in all respects; that by virtue of Rule XLV of District Courts and Public Act No. 56 (being Chapter 162, Public Laws of Nevada, 1947, Page 531) the district court no longer had jurisdiction since more than six months had elapsed between August 1, 1946, and the date on which the last motion was noticed. Plaintiff argues further that if her contention should prevail this case does not come under the principal enunciated by this court in Aseltine v. District Court, 57 Nev. 269, 62 P.2d 701, as in that case there was held to be an implied reservation of jurisdiction which does not appear here.

The defendant argues that conceding that a nunc pro tunc order is retrospective as to the substantive rights of the parties it is not as to third persons or as to the procedural rights of the parties to the action, and, finally, that if the court rules that the decree made and entered on January 6, 1947, is retrospective in all respects the case comes under the principle announced in Aseltine v. District Court.

It will not be necessary to enlarge on the facts stated above by a discussion of the various decrees for the purpose of deciding whether this case comes under the principle of the Aseltine case. It has been concluded that the matter should be decided on the first point raised by counsel, that is to say, whether the order made January 6, 1947, that the decree amending the decree of August 1, 1946, be entered nunc pro tunc operates to cut off defendant's rights to move to modify the decree of January 6, 1947.

It should be pointed out here that the decree of January 6, 1947, enlarged upon the original in at least two respects: By adopting in words the provisions of the property agreement as the decree of the court the court gave to plaintiff in addition to her contractual rights then existing the right to invoke contempt proceedings

in this state and the rights of a judgment creditor in this or any other state. Nor could defendant have moved to modify the decree in respect to the provisions made for the plaintiff before the decree entered on January 6, as there was nothing on which the court could have acted.

The record in this case has been very carefully examined with a view to finding anything therein which would sustain the entry of the order nunc pro tunc. The minutes of the court, the transcript, the original decree and the order granting leave to amend do not support a finding that the court in amending the decree acted to have the record speak the truth as to what occurred on August 1, 1946. It appears that the motion made by plaintiff on January 6, 1946, was upon the pleadings and records on file and on that date the minutes of the court, testimony of plaintiff and the order of the court show that all that plaintiff requested or received was approval by the court of the agreement made by the parties. Nor in fact was the motion made to have the record speak the truth as to what occurred on August 1, 1946, but a motion to amend the decree and have the decree as amended entered nunc pro tunc as of August 1, 1946.

The object and purpose of a nunc pro tunc order is to make a record speak the truth concerning acts done. Talbot v. Mack, 41 Nev. 245, 255, 169 P. 25. The court there intimated, and in this is supported by authority, that an order nunc pro tunc cannot be made use of nor resorted to, to supply omitted action. Power to order the entry of judgment nunc pro tunc cannot be used for the purpose of correcting judicial errors or omissions of the court. Nor can this procedure be employed to change the judgment actually rendered to one which the court neither rendered nor intended to render. Wright v. Curry, 208 Ark. 816, 187 S.W.2d 880; Schroeder v. Superior Court, 73 Cal.App. at 687, 239 P. 65.

And so it was held in Barkelew v. Barkelew, 73 Cal.

App.2d 76, 166 P.2d 57, that an interlocutory divorce decree would not be amended nunc pro tunc on the theory of correcting a clerical error so as to limit the defendant's obligation to make one hundred twenty-five dollar monthly payment's for the wife's support to those months when the wife's income from outside sources was less than one hundred and fifty dollars per month, where in fact the amendment would change and enlarge the judgment rather than make the judgment conform to the decision actually rendered; although it was recognized there that a clerical error in a judgment appearing on the face of the record may be corrected by nunc pro tunc order and such correction made at any time. It was also pointed out that a nunc pro tunc order correcting a clerical error in a judgment is to make the judgment as entered conform to the judicial decision actually made.

It was pointed out in State v. District Court of the Fifth Judicial District, 110 Mont. 36, 98 P.2d 883, that the test of whether a judgment may be amended nunc pro tunc is whether the change will make the record speak the truth as to what was actually determined or done or intended to be determined or done by the court or whether it will alter such action or intended action. A nunc pro tunc order cannot be used to enlarge the judgment as originally rendered, and a judgment varying the rights of the parties as fixed by the original decision is void although the court informed counsel of his decision to do so and no objection was made. See Felton Chemical Company v. Superior Court, 33 Cal.App. 2d 622, 92 P.2d 684. For further authorities on the function or office of a nunc pro tunc order, see Words and Phrases, Vol. 28, commencing at page 983. The court may amend to correct mere clerical errors or omissions at any time and has inherent power to do so. See Silva v. District Court, 57 Nev. 468, 66 P.2d 422, and Annotation in 126 A.L.R. 956. But this power should be distinguished from the power to amend so as to

enlarge or in any manner substantially alter the rights of the parties under the original order for the first time upon application of the parties to the action.

This raises the question as to whether the parties by their consent could give the court jurisdiction or power to do something which it could not have done without such consent. While the court has an inherent power to make the record speak the truth as to what was actually done (Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95, 67 A.L.R. 824) and the court may in its discretion rely on its memory as to what was actually done and may refresh its memory from any source it deems reliable (Gottwals v. Rencher, 60 Nev. 35, 47, 56, 92 P.2d 1000, 98 P.2d 481, 126 A.L.R. 1262), nevertheless, the court would not have power to modify its decree so as to affect the substantial rights of the parties as they existed under the original order and make such an entry nunc pro tunc. It is my conclusion that the consent of the parties that the amended decree be entered nunc pro tunc could not give the court jurisdiction to do so. The power to make such an order and have it entered nunc pro tunc depends on something having actually happened which was not recorded. The consent of the parties cannot confer jurisdiction. Jasper v. Jewkes, 50 Nev. 153, 254 P. 698. This principle has been maintained in this court since the case of Hastings & Company v. Berning Moscow Company, 2 Nev. 93, where it was held: "When a defendant consents to a judgment against himself he must be held to admit every possible fact consistent with the pleadings which would be necessary to support the judgment. It may also be held that by consent he waives all errors. But no defendant can by consent confer power or jurisdiction on a Court to enter an illegal judgment or judgment beyond the jurisdiction of the Court." And it was held in Maitia v. Allied L. & L. Company, 49 Nev. 451, 248 P. 893, that a jurisdictional requirement cannot be waived. A court cannot be governed by a stipulation

as to the legal effect of a judgment. People v. Traeger, 339 Ill. 356, 171 N.E. 548. Where in fact there is no basis for such an entry consent will not give the court jurisdiction to do so. Owen v. Owen, 157 Va. 580, 162 S.E. 46. Nor can consent of the parties restore original jurisdiction if in fact the court has lost the same. Donner v. Superior Court, 82 Cal.App. 165, 255 P. 272.

It will not be necessary under such a ruling to discuss the question raised by the defendant as to whether an order made nunc pro tunc operates to cut off the procedural rights of the parties. For a case on this point see Tresemer v. Gugle, 70 Ohio App. 409, 42 N.E.2d 712. It is sufficient to hold that the order of the court that the amended decree of January 6, 1947, be entered nunc pro tunc as of August 1, 1946, was void as an improper exercise of power or jurisdiction to enter orders nunc pro tunc. There remains only the necessity of fixing the rights and obligations of the parties as they now exist under the record.

It does not follow that if the court was without power to order that the decree be entered nunc pro tunc, it was without jurisdiction to act upon plaintiff's motion on January 6, 1947. The proposition amounts simply to this: That the court had jurisdiction to entertain, by virtue of District Court Rule XLV, then controlling in such matters, the motion to amend but it did not have jurisdiction, nor could the parties by consent confer jurisdiction, to the entering of the amended decree nunc pro tunc.

By virtue of District Court Rule XLV a definite time limit is fixed within which judgments may be vacated or substantially altered unless the matter is controlled by some other circumstance. Lauer v. District Court, 62 Nev. 78, 140 P.2d 953; Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95, 67 A.L.R. 824; Crowell v. Second Judicial District Court, 54 Nev. 400, 19 P.2d 635.

"Court rules when not inconsistent with the constitution or laws of the state have the effect of statutes."

Lightle v. Ivancovich, 10 Nev. 41; Haley v. Eureka County Bank, 20 Nev. 410, 22 P. 1098.

■ Rule XLV provides: "No judgment, order or other judicial act or proceeding, shall be vacated, amended, modified, or corrected by the court or judge rendering, making, or ordering the same, unless the parties desiring such vacation, amendment, modification, or correction shall give notice to the adverse party of a motion therefor, within six months after such judgment was rendered, order made, or action or proceeding taken." Accordingly the court on January 6, 1947, had jurisdiction to entertain plaintiff's motion. This rule still governed these matters on March 26 when the last motion was filed in this matter, as Public Act No. 56 (Nev. Stats. 1947, Chap. 162, p. 531) was not approved until March 27, 1947.

Accordingly, it is ordered that the modified decree of divorce made and entered on the 3d day of May 1947, by the district court be and the same is hereby affirmed. Each party shall pay his and her own respective costs on appeal.

EATHER, C. J., and BADT, J., concur.

HORSEY, J., being disqualified, the Governor commissioned Honorable TAYLOR H. WINES, District Judge of the Fourth Judicial District, to sit in his place.

### ON PETITION FOR REHEARING

April 10, 1948.

*Per Curiam:*

**Rehearing denied.**

### ON FURTHER PETITION FOR REHEARING

August 6, 1948.                                        196 P.2d 766.

*Harvey Dickerson,* of Las Vegas (*Clyde D. Souter,* of Reno, of counsel), for Appellant.

*Jones, Wiener & Jones* and *D. Francis Horsey,* all of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

We heretofore affirmed the order appealed from (65 Nev. 113, 189 P.2d 334) and, without opinion, denied appellant's motion for rehearing. Appellant has filed a second or further petition for rehearing. Such petition we decline to entertain. Trench v. Strong, 4 Nev. 87; Brandon v. West, 29 Nev. 135, 141, 85 P. 449; Ward v. Pittsburg Silver Peak Gold Min. Co., 39 Nev. 80, 148 P. 345, 153 P. 434, 154 P. 74.

However, counsel for appellant purports to feel that the bench and bar of this state will read our original opinion as overruling Sweeney v. Sweeney, 42 Nev. 431, 179 P. 638, as effecting a change in the law of this state, as negativing the advice given by attorneys "to thousands of litigants that in the light of Sweeney v. Sweeney, a decree fixing the amount of alimony is a permanent decree, unless the court expressly retained

jurisdiction by the terms of its decree (but that) under the decision in the instant case it is believed that that is no longer the law (and that) it can be anticipated that there will be a deluge of motions to modify alimony in this state, which will overwhelm the district courts and which will occupy the time of those courts, not for months, but probably for several years before all of these motions can be heard and disposed of." It is also asserted that it is important that the bench and bar should understand that Sweeney v. Sweeney has been overruled so that clients may be properly advised in the future.

And so, not in entertaining the further petition for rehearing, but to elucidate our former opinion (if it indeed needs elucidation) and to stem the threatened flood and above all to quiet the consciences of attorneys who have advised "thousands of litigants" that the law in this state is as enunciated in Sweeney v. Sweeney, we have deemed it proper to file this further opinion.

We agree with the holding in Sweeney v. Sweeney [42 Nev. 431, 179 P. 639]. We agree with the statement therein: "A decree a vinculo is final, and the jurisdiction of the court over the parties is *after the expiration of the term* at an end." And again with the statement: "Undoubtedly the rule is that a judgment cannot be set aside, altered or amended *after the term of court* at which it was rendered." (It is unnecessary for the purposes of this opinion to mention exceptions.) We should not be inclined to agree, however, nor would Mr. Justice SANDERS have written the sentences with the omission of the words which we have italicized. The abolishing of the terms of court and the establishing of rule XLV have heretofore been discussed.

In the Sweeney case the motion to modify, alter and amend the decree was noticed nearly three years after the entry of the judgment. In State v. First Nat. Bank, 4 Nev. 358, cited by Mr. Justice SANDERS in the Sweeney

case, the court said: *"During the term* at which a judgment is rendered, perhaps the court may, even without a statement or affidavits, upon motion of the party injured, amend or set aside a judgment which is erroneous on it's face, or not founded on a complaint showing a cause of action." The court, through BEATTY, C. J., then proceeds to show that the court thereafter lost jurisdiction because certain supporting papers, required by the statute then in force, were not filed *during the term of court,* and referred to Killip v. Empire Mining Co., 2 Nev. 34. Johnson, J., dissented, and remarked that the rule laid in that case had never received his full approval. Judge BEATTY also wrote the opinion in the Killip case, and held that, although the court sitting in equity might in a proper case set aside the judgment, the lower court that rendered it lost jurisdiction *when the term of court expired.*

In Daniels v. Daniels, 12 Nev. 118, also cited in the Sweeney case, the proceedings to vacate the judgment were likewise initiated *after the expiration of the term.* The court said: "If any proceedings were commenced before the termination of the prior term *which continued the jurisdiction of the court over the case,* then the record, by proper motion in this court, should have been corrected so as to show such fact. * * * we must presume * * * that * * * the judgment (was) set aside and vacated at the subsequent June term, when no proper steps had been taken during the December term to *continue jurisdiction of the court over the case.* * * * It is well settled, upon the soundest policy, that *after the adjournment of a term* a court loses all control over its decrees and judgments rendered at such term, *unless its jurisdiction is saved by some proper proceeding instituted within the time allowed by* law."

In Lang Syne Gold Min. Co. v. Ross, 20 Nev. 127, 136, 18 P. 358, 19 Am.St.Rep. 337, also cited in the Sweeney

case, a suit in equity to set aside the judgment on the ground of fraud was held to be proper because the remedy by motion in the main cause was not available for the reason that *the term of the district court at which the judgment was rendered had expired.*

In State ex rel. Jones v. Second Judicial Dist. Court, 59 Nev. 460, P.2d 1096, 98 P.2d 342, the motion to vacate was noticed almost two years after the decree. In Lauer v. District Court, 62 Nev. 78, 140 P.2d 953, the motion to vacate the decree (upon the ground of extrinsic fraud) was noticed almost 3½ years after the entry of the decree. In Lindsay v. Lindsay, 52 Nev. 26, 280 P. 95, 67 A.L.R. 824, the motion was noticed almost 3 years after the decree. In Crowell v. District Court, 54 Nev. 400, 19 P.2d 635, the motion was noticed almost 2 years after the decree. Our rather profuse use of italics appeared necessary under the circumstances.

■ As recited in the court's original opinion, 65 Nev. 113 (180 P.2d 334) there were three decrees in this case. Decree No. 1 was entered August 1, 1946, and "approved" a written agreement of the parties which included provisions for alimony payments but did not in terms order any specific payments to be made. This decree was entered at the instance of appellant. Decree No. 2, designated "amended decree of divorce" (which the court attempted to enter nunc pro tunc as of August 1, 1946), was made January 6, 1947, and added specific provisions ordering the defendant husband to make the alimony payments described in the "approved" agreement. This decree was likewise entered at the instance of appellant. Respondent did not oppose either decree. Decree No. 3, designated "modified decree of divorce," was made April 4, 1947, pursuant to notice given March 26, 1947, and fixed the alimony payments (which theretofore had been established as varying from a minimum of $450 per month to a maximum of $1,350 per month, depending upon the defendant's income) at $450 a month upon the showing made on the hearing of respondent's

motion. The amendment contained in decree No. 2 was duly noticed within six months of decree No. 1, and heard and entered on stipulation of the parties. The modification of decree No. 2 by the "modified decree" No. 3 was likewise noticed within six months of decree No. 2—both within the limitations of rule XLV.

Appellant insists that rule XLV is simply a limitation and of itself creates no rights. This may indeed be so. Yet the six months' limitation to notice a motion to modify a judgment as fixed by rule XLV assumes the well-recognized converse that the court possesses the inherent power of controlling its own judgment and of vacating, amending or correcting the same, in a proper case, within the limitation—formerly during the term in which rendered. 31 Am.Jur. 272, Judgments, sec. 727; 17 Am.Jur. 360, Divorce and Separation, sec. 431. In Bronson v. Schulten, 104 U.S. 410, 26 L.Ed. 797, 799, Miller, J., speaking for the United States Supreme Court, and with all of the justices concurring, said: "It is a general rule of law, that all the judgments, decrees or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the Term at which they are rendered or entered of record, and may then be set aside, vacated, modified or annulled by that court."

Appellant denounces this entire situation as purporting to vest in the district court a "continuing jurisdiction." Indeed, she insists that decree No. 2, the "amended decree," could not have properly been entered unless entered nunc pro tunc and seems to feel that Sweeney v. Sweeney and the cases cited in the Sweeney opinion substantiate that conclusion. With this view we are unable to agree.

EATHER, C. J., BADT, J., and WINES, District Judge, concur.